## (April 7, 1977)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. KARL DAVIS, Also Known as ALAN PICKERING, Appellant, v JESSE ARNETTE, as Superintendent of the Queensboro Correctional Facility, et al., Respondents.—In a habeas corpus proceeding, which this court deems to be a proceeding pursuant to CPLR article 78 to compel respondents to credit petitioner with certain jail time, petitioner appeals (1) from a judgment of the Supreme Court, Queens County, dated February 11, 1977, which dismissed the proceeding and (2), as limited by his brief, from so much of an order of the same court, dated March 21, 1977, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic, without costs or disbursements. The judgment was superseded by the order made upon reargument. Order reversed insofar as appealed from, on the law, without costs or disbursements, and respondent Malcolm is directed to recompute the jail time credit due to petitioner in accordance herewith. Petitioner commenced this habeas corpus proceeding, seeking certain jail time credit, against the respondent Jesse Arnette, the State official charged with the custody of his person, and Benjamin Malcolm, the Commissioner of the New York City Department of Corrections, who is charged with the responsibility of computing and certifying the jail credit to which petitioner is entitled. Petitioner contends that his jail time credit was improperly computed by respondent Malcolm and that he is therefore entitled to be released by respondent Arnette. The writ of habeas corpus is an alternative remedy and may be refused in the exercise of discretion where full relief may be obtained in other more appropriate proceedings (see *People ex rel. Brinkman v Barr,* 248 NY 126; *People ex rel. Anderson v Warden, N. Y. City Correctional Inst. for Men,* 68 Misc 2d 463, 465; 25 NY Jur, Habeas Corpus, § 6, p 506). Under the circumstances of this case Criminal Term, which heard the petition, should have deemed the proceeding to be one pursuant to CPLR article 78 to compel the respondent Malcolm to recompute petitioner's jail time credit and to certify the same to the New York State Department of Correctional Services in accordance with law (Penal Law, § 70.30, subd 3; CPLR 7803, subd 1). We now treat this as an article 78 proceeding (CPLR 103, subd [c]). Respondent Malcolm concedes that under the holding of this court in *Matter of Rhymer v Byfield* (55 AD2d 650), petitioner is entitled to jail time credit for the period of January 20, 1975 until June 10, 1975. Accordingly, the order should be reversed insofar as it is appealed from and petitioner should be credited with an additional 142

days of jail time. We note that upon oral argument of this appeal, the respondents stipulated in open court that they would consent to the vacatur of the automatic stay under CPLR 5519 (subd [a], par 1) on any appeal from the order of this court to be made in this proceeding (see CPLR 2104). Cohalan, Acting P. J., Hawkins, Mollen and O'Connor, JJ., concur.