■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN FOWLER, Appellant, v WARDEN OF THE OSSINING CORRECTIONAL FACILITY et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Westchester County, entered May 8, 1979, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Petitioner, while not denying knowledge of the decision on his final parole revocation hearing, complains only that he was not served with a copy of the decision until four months and eight days after the hearing. While this delay is not to be condoned (cf. *People ex rel. Levy v Dalsheim,* 66 AD2d 827), petitioner makes no claim of prejudice by reason of the delay in receiving the decision. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TERRY MILLER, Appellant, v DAVID HARRIS, as Superintendent of the Green Haven Correctional Facility, Respondent.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated May 29, 1979, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. Petitioner was convicted of robbery in the first degree (two counts) and the judgment was affirmed by this court on November 22, 1976 *(People v Miller,* 54 AD2d 1140). During the trial, the trial court dismissed the counts of grand larceny in the second and third degrees for legally insufficient evidence. In his present application for habeas corpus relief, petitioner argues that (1) his convictions on the first degree robbery charges were repugnant to the trial court's dismissal of the grand larceny counts and (2) his convictions on the robbery charges, after the dismissal of the grand larceny counts, violated the constitutional provision against double jeopardy. Petitioner's argument with respect to double jeopardy is frivolous and totally without merit since he was only tried one time on the underlying charges. With respect to the petitioner's claim of repugnancy, that issue should have been raised on petitioner's appeal to this court from the judgment of conviction. Since he did not do so, he is barred from raising this issue in a habeas corpus petition (see *People ex rel. Davis v Arnette,* 57 AD2d 562). In any event, we have reviewed petitioner's argument with respect to repugnancy, on the merits and, on the facts of this case, find it to be without merit. Mangano, J. P., Cohalan, Martuscello and O'Connor, JJ., concur.