■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALAN WEINER, Respondent, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered July 7, 1980 in Clinton County, which sustained a writ of habeas corpus and ordered petitioner restored to parole supervision status. On March 21, 1979, petitioner was paroled from incarceration on sentences imposed on February 1, 1977 and July 25, 1977. A parole detainer warrant was subsequently issued and he was arrested in New York City for six alleged violations of parole rules. A preliminary hearing was held on December 10, 1979, at which time probable cause to detain petitioner was found. Petitioner was scheduled for a "local final hearing" at Rikers Island on February 4, 1980, and pursuant to a written notice received by his attorney on February 11, 1980 the final parole revocation hearing was rescheduled for February 25, 1980 at Ossining Correctional Facility. Prior to the final hearing, the petitioner, on February 19, 1980, requested a "local" hearing pursuant to section 259-i (subd 3, par [e], cl [i]) of the Executive Law. On February 25, 1980, the final hearing was held at the Ossining facility over the objection of petitioner's attorney that such location was prejudicial to petitioner's ability to present a defense. In particular, the objection was that two witnesses would have appeared at Rikers Island, but could not travel to Ossining. On March 20, 1980, the petitioner's attorney received a notice of decision of parole revocation, apparently dated and signed by the hearing officer on March 10, 1980 and adopted by the board on March 14, 1980. On April 3, 1980, the petitioner received a copy of the revocation decision from his attorney. Petitioner instituted this proceeding seeking his freedom from incarceration upon the grounds, among other things, that the rescheduling of his final hearing to Ossining precluded him from exercising his right to present witnesses (Executive Law, § 259-i, subd 3, par [c], cl [v]); that the final hearing and decision were not rendered within 90 days of the preliminary hearing as required by section 259-i (subd 3, par [f], cl [i]); and that he was not timely provided with a copy of the various findings of the hearing officer and the Parole Board until more than one month after the final hearing. Special Term sustained the writ of habeas corpus upon findings that holding the hearing at Ossining was prejudicial to the petitioner's ability to provide a defense and that the failure to provide petitioner or his counsel with a final decision within 90 days of the probable cause determination was a denial of a prompt revocation hearing. The writ of habeas corpus must be dismissed. Upon this record, it is undisputed that although physically Ossining is located at a greater distance from the apparent place of the parole violations, New York City, than Rikers Island, the actual time of travel is neither substantially longer nor more difficult. It appears that the petitioner *preferred* to be at Rikers Island, but there is no showing that Ossining was not as "local" as Rikers. There has been no demonstration that holding the hearing at Ossining violated any statutory mandate or inherent right to due process (see *People ex rel. Calloway v Skinner,* 33 NY2d 23, 24; Executive Law, § 259-i, subd 3, par [e], cl [i]). Notably, there is no attempt to establish that either of the two "inconvenienced" witnesses would have provided evidence relevant to the issue of a violation of the conditions of parole. The

record establishes that all procedures explicitly required by section 259-i of the Executive Law as to this final hearing were complied with. The fact that the final decision was rendered by the Parole Board after 90 days from the preliminary hearing does not establish a statutory violation or such delay as to be inherently a violation of due process *(People ex rel. Fowler v Warden of Ossining Correctional Facility,* 74 AD2d 885). The remaining contentions of the petitioner that his due process rights (either statutory or constitutional) have been violated have been considered, but no basis for a release from custody has been established. Judgment reversed, on the law, without costs, and petition dismissed. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.