PHILLIPS v WARDEN, STATE PRISON OF SOUTHERN
MICHIGAN

Docket No. 91468. Submitted June 19, 1986, at Lansing. Decided July
22, 1986. Leave to appeal denied, 428 Mich —.

Plaintiff, Gerald Phillips, a prisoner at the State Prison of South-
ern Michigan, was initially interviewed for parole consideration
on December 3, 1984, a month before the expiration of his
minimum sentence less good time. On January 2, 1985, the
parole board denied parole and issued a twelve-month continu-
ance. He was not scheduled for a new hearing within the
following twelve months. On February 7, 1986, he brought an
action for habeas corpus in the Jackson Circuit Court against
Dale E. Foltz, Warden of the State Prison of Southern Michi-
gan. Defendant did not answer the complaint even after the
court twice ordered an answer. On March 28, 1986, the court,
Gordon W. Britten, J., ordered plaintiff discharged from cus-
tody. Defendant appealed. *Held:*

1. Habeas corpus should not be granted by default and
procedures are provided to guard against such a result by
forcing an unresponsive defendant to answer by way of arrest
or contempt.

2. Mandamus is the proper remedy for a prisoner who has
not been accorded a timely parole eligibility hearing.

Order vacated and case remanded with instructions.

1. PAROLE — JURISDICTION.

The time of a prisoner's release on parole is discretionary with
the parole board, although a prisoner sentenced to an indeter-
minate sentence becomes subject to the jurisdiction of the
parole board when he has served the minimum sentence im-

REFERENCES
Am Jur 2d, Habeas Corpus §§ 74, 75.
Am Jur 2d, Pardon and Parole §§ 77-89.
When is person in custody of governmental authorities for purpose
of exercise of state remedy of habeas corpus—modern cases. 26
ALR4th 455.
See also the annotations in the ALR3d/4th Quick Index under
Pardon, Parole, or Probation.

posed, less any good time allowance (MCL 791.234, subds [1] and [5]; MSA 28.2304, subds [1] and [5]).

2. PAROLE — INTERVIEWS.

The parole board may grant a parole without conducting an interview of the convict but may not deny a parole without the prisoner's being interviewed by at least one member of the board; an interview is not required upon a prisoner's initial eligibility for parole but, once the board passes-over an inmate, rehearings must be held every twelve months (MCL 791.235[1]; MSA 28.2305[1]; 1979 AC, R 791.7710[2][c]).

3. HABEAS CORPUS — DEFAULT — COURT RULES.

Habeas corpus should not be granted by default and procedures are provided to guard against such a result by forcing an unresponsive defendant to answer by way of arrest or contempt (MCL 600.4331; MSA 27A.4331; MCR 3.303[N][1]).

4. PRISONS AND PRISONERS — PAROLE ELIGIBILITY HEARINGS — REMEDIES.

Mandamus is the proper remedy for a prisoner who has not been accorded a timely parole eligibility hearing.

5. HABEAS CORPUS — PRISONS AND PRISONERS — ACTIONS.

Habeas corpus is proper to attack the fact or duration of a prisoner's confinement but is not proper to attack the conditions of confinement.

6. PAROLE — CUSTODY.

Parole is a form of custody whereby the prisoner leaves his place of incarceration while remaining in the legal custody and control of the parole board until the termination of his sentence; its purpose is to keep a prisoner in legal custody while permitting him to live beyond the prison enclosure so that he may have an opportunity to show that he can refrain from committing crime.

7. HABEAS CORPUS — REMEDIES.

Habeas corpus is an alternative remedy and may be refused in the exercise of discretion where full relief may be obtained in other more appropriate proceedings.

8. MANDAMUS — REMEDIES.

Mandamus is the appropriate remedy where the plaintiff, lacking an adequate legal remedy, alleges a clear legal right to the performance of a specific duty by the defendant, and the defendant has an uncontrovertible legal duty to act in the manner so requested.

*James Sterling Lawrence,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Edgar L. Church, Jr.,* Assistant Attorney General, for defendant.

Before: SHEPHERD, P.J., and GILLIS and MacKENZIE, JJ.

PER CURIAM. Defendant appeals as of right from a "writ of habeas corpus" ordering plaintiff's unconditional discharge from the State Prison of Southern Michigan. We vacate and remand.

Following his conviction for kidnapping, plaintiff was sentenced on September 17, 1977, to from twenty to forty years imprisonment, with credit for time served, and placed in custody at the State Prison of Southern Michigan. He became eligible for parole on January 2, 1985.

Pursuant to MCL 791.235(1); MSA 28.2305(1), the release of a prisoner on parole shall be granted solely upon the initiative of the parole board. Although a prisoner sentenced to an indeterminate sentence becomes subject to the jurisdiction of the parole board when he has served the minimum sentence imposed, less good time allowances, MCL 791.234(1); MSA 28.2304(1), the time of a prisoner's release on parole is discretionary with the parole board. MCL 791.234(5); MSA 28.2304(5).

MCL 791.235(1); MSA 28.2305(1) provides that a prisoner shall not be denied parole without an interview before at least one member of the parole board. The board may grant parole without an interview. *Id.* If an interview is to be conducted, the prisoner must be given a notice of intent stating issues and concerns which may be the basis for denial of parole at least two months before his eligibility date. MCL 791.235, subds (1) and (3);

MSA 28.2305, subds (1) and (3). At least ninety days before eligibility, a parole eligibility report must be prepared by institutional staff. MCL 791.235(6); MSA 28.305(6). The interview must be conducted at least one month before the expiration of the prisoner's sentence less good time allowances. If parole is denied, the prisoner must be provided with a written explanation of the reason for denial and recommendations for corrective actions to facilitate release. MCL 791.235(10); MSA 28.2305(10). Additionally, 1979 AC, R 791.7710(2)(c) provides that the board shall furnish the resident with written notice "setting a new hearing date, to be no more than 12 months from the minimum eligibility date or previous pass-over date." Thus, it appears that, while an interview is optional with the board upon a prisoner's initial eligibility for parole, once the board "passes-over" an inmate, by administrative rule rehearings must be held every twelve months. By statute, MCL 791.235(6); MSA 28.2305(6), a new parole eligibility report must be prepared at least ninety days before the expiration of the twelve-month continuance period. Grants and denials of parole are appealable to the circuit court by leave. MCL 791.234(5); MSA 28.2304(5).

In the instant case, plaintiff was initially interviewed for parole consideration on December 3, 1984, at month before the expiration of his minimum sentence less good time. On January 2, 1985, the parole board denied parole and issued a twelve-month continuance.

Plaintiff was not scheduled for a new hearing within the following twelve months. On February 7, 1986, he filed in the circuit court a complaint for habeas corpus, alleging in pertinent part as follows:

[5.] d. On January 2, 1986, the twelve (12)

months further incarceration ordered by the Michigan Parole Board on January 2, 1985, duly expired.

e. Respondent has refused to release your Petitioner, and the Michigan Parole Board has refused to interview your Petitioner for possible parole release *or* make any decision on Petitioner's possible release on parole in accordance with the mandatory requirement of MCL 791.234-.235. Respondent has cited "prison overcrowding" as the reason your Petitioner has not been considered for parole release by the Michigan Parole Board, but Respondent refuses to take any action on behalf of Petitioner, so that Petitioner may be considered for parole release as Petitioner's twelve (12) month continuance expired on January 2, 1986. . . .

6. Petitioner is entitled as a matter of law to parole release consideration, and a decision by the Michigan Parole Board and Respondent to either grant or deny parole release, and a failure of Respondent to insure Petitioner's said statutory right to parole release consideration mandates habeas relief.

7. Petitioner should be ordered released from the restraint of Respondent if not given a parole board interview and decision on whether or not petitioner will be released on parole within thirty (30) days as mandated by law.

MCR 3.303 governs the procedure to be followed in an action for habeas corpus to inquire into the cause of detention. On the filing of the complaint, the court may issue a writ or an order to show cause why the writ should not be issued, unless it appears that the prisoner is not entitled to relief. MCR 3.303(D)(1). If the writ is to be answered and a hearing held at a specified time, the answer must be made, and the prisoner must be produced, at the time and place specified in the writ. MCR 3.303(K)(1). The answer must state the reason why the prisoner is detained and a copy of the written authority for such detention, if any, must be at-

tached. MCL 3.303, subds (N)(1)(a) and (N)(2). Failure to file an answer is contempt. MCR 3.303(N)(1). Because a habeas corpus action must be decided promptly, MCR 3.303(P), the defendant may request an adjournment only for the brief delay necessary to prepare an answer or present evidence of the cause of detention at the time for answer. MCR 3.303(Q)(2). The hearing on the return of the writ must be recorded, or if recording is not possible, the judge must prepare as soon as possible a certified narrative written report which becomes part of the record. MCR 3.303(Q)(5).

In the instant case, on February 10, 1986, the court issued a writ ordering defendant to file an answer with the court by February 21, 1986, and to appear before the court with plaintiff on February 28, 1986. The writ was served on February 19, 1986. The office of the attorney general did not file an answer as ordered, seek a continuance, or in any manner attempt to justify plaintiff's detention. The court did not hold defendant in contempt for this failure, nor did it take less drastic measures to obtain an answer. The February 28, 1986, hearing was postponed because the judge was trying a case out-of-town.

On March 5, 1986, instead of seeking to have defendant held in contempt for failure to file an answer to the writ, plaintiff filed a motion for summary disposition under MCR 2.116(C)(9), failure to state a valid defense. The office of the attorney general received the motion on March 13, 1986. Defense counsel still did not answer the writ or seek a continuance.

On March 20, 1986, the court issued an amended writ of habeas corpus, again ordering defendant to file an answer by February 21, 1986, and rescheduling the hearing for March 28, 1986. The office of the attorney general seemingly admits receipt of

this writ on March 24, 1986. Again, defense counsel did not answer or seek a continuance.

On March 28, 1986, plaintiff was produced in court. Defense counsel did not appear, according to the office of the attorney general, "because of clerical error."[1] Defense counsel still had not filed an answer to the writ or requested a continuance. What transpired in court was neither recorded nor reported by the judge. The court did not hold defendant in contempt. Instead, a "writ of habeas corpus," actually an order of discharge, was entered ordering plaintiff's unconditional discharge from custody forthwith. Plaintiff was released from prison that day.[2]

On appeal, we are asked to reverse the discharge and grant defendant the authority to regain custody of plaintiff.

Appellate review of this case is severely hampered by the failure of defense counsel and the circuit court to adhere to the procedure set forth at MCR 3.303 governing habeas corpus actions and the consequent lack of a record of the proceedings below. On the scant record before us, we can only conclude that plaintiff's discharge was ordered not on the merits but in response to plaintiff's position that defendant, by failing to answer or defend, had failed to state a defense or to show legal cause for plaintiff's continued incarceration, MCL

---

[1] Defense counsel's argument of lack of timely notice of the hearing is disingenuous at best. MCR 3.303, not the rules regarding motion practice, governs habeas corpus proceedings. Under MCR 3.303 the court has the discretion to set the date of hearing and requires that he do so with promptness in mind. In any event, defense counsel had been on notice to defend for well over one month prior to the hearing.

[2] We note that the order of discharge without condition effectively amounts to a commutation of sentence, since, under the terms of the order, defendant is not on parole and subject to the continuing jurisdiction of the corrections commission. See MCL 791.238(1); MSA 28.2308(1). The constitution by implication forbids the judiciary to commute a sentence. See 2A Gillespie, Michigan Criminal Law & Procedure (2d ed), § 818, p 128.

600.4352(1); MSA 27A.4352(1). This was improper. A writ of habeas corpus is a writ of *inquiry.* 39 Am Jur 2d, Habeas Corpus, § 1, p 179. Neither MCR 3.303 nor the statutes governing habeas corpus actions contemplate a habeas corpus plaintiff's discharge in the face of a defendant's silence. Indeed, both the statutes and the court rules specifically guard against such a result by forcing a nonresponding defendant to answer the writ, either by way of contempt, MCR 3.303(N)(1), or by arresting him and holding him in close custody until he complies with the writ. MCL 600.4331; MSA 27A.4331. Defense counsel's display of absolute indifference to the order of the court and the outcome of this case was totally egregious; dilitoriness standing alone, however, does not provide a sufficient basis for granting the writ. See *Allen v Perini,* 424 F2d 134 (CA 6, 1970), cert den 400 US 906; 91 S Ct 147; 27 L Ed 2d 143 (1970). Accordingly, the order of discharge is declared void and is hereby vacated. The circuit court is ordered to immediately enter a bench warrant for plaintiff's arrest and return to defendant's custody.[3]

Ordinarily, when an order is vacated for failure to consider the substance of a claim, we remand to the circuit court for hearing on the merits. However, on reading plaintiff's complaint we believe that a remand for substantive consideration would be improvident. We are convinced that, where a

---

[3] Plaintiff contends that MCL 600.4364; MSA 27A.4364, which provides that "[n]o person who has been discharged by the order of any court or judge upon habeas corpus shall be again restrained for the same cause," absolutely precludes his recommitment. We do not read the statute so narrowly. In our opinion, MCL 600.4364; MSA 27A.4364 is simply a codification of the common law rule that an order of discharge on habeas corpus is res judicata of all issues and facts necessarily involved in determining that plaintiff was illegally held in custody, until reversed in some proper proceeding. See generally, 39 Am Jur 2d, Habeas Corpus, § 161, pp 293-294. As such, it has no application to the facts before us.

prisoner has not been accorded a timely parole eligibility hearing, the proper remedy to obtain such a hearing is mandamus, not habeas corpus.

The primary, if not the only, object of a writ of habeas corpus is to determine the legality of the restraint under which a person is held. 39 Am Jur 2d, *supra,* citing *Carlson v Landon,* 342 US 524; 72 S Ct 525; 96 L Ed 547 (1952), reh den 343 US 988; 72 S Ct 1069; 96 L Ed 1375 (1952). In this regard, a distinction must be made between a challenge to the fact or duration of confinement, such as the refusal to absolutely discharge in *Cross v Dep't of Corrections,* 103 Mich App 409; 303 NW2d 218 (1981), lv den 411 Mich 1063 (1981), and an attack on the conditions of confinement. Habeas corpus is proper in the former instance; in the latter it is not. See, e.g., *Jamieson v Robinson,* 641 F2d 138 (CA 3, 1981) (complaint alleging prisoner's eligibility for home furlough status does not sound in habeas corpus). Here, plaintiff's complaint does not allege that he was granted parole but kept incarcerated.[4] Instead, plaintiff's claim of illegal restraint is grounded upon the fact that he was denied a timely determination of his eligibility for parole. Parole has been defined as a form of custody whereby the prisoner leaves his place of incarceration while remaining in the legal custody and control of the parole board until the termination of his sentence. *Bricker v Michigan Parole Bd,* 405 F Supp 1340 (ED Mich, 1975). Its purpose is to

[4] In his brief, plaintiff contends that the parole board's failure to hold a hearing within twelve months of his pass-over constitutes a grant of parole by implication under MCL 791.235(1); MSA 28.2305(1) or, in the alternative, an implied denial of parole without benefit of a hearing, contrary to MCL 791.235(1); MSA 28.2305(1). The contention is without merit. Parole may only be granted by initiative, MCL 791.235(1); MSA 28.2305(1). Parole must be ordered in writing, signed by the chairperson of the parole board, MCL 791.236(1); MSA 28.2306(1), or denied in writing, MCL 791.235(10); MSA 28.2305(10). This scheme leaves no room for grants or denials by implication.

keep a prisoner in legal custody while permitting him to live beyond the prison enclosure so that he may have an opportunity to show that he can refrain from committing crime. *Ex parte Dawsett,* 311 Mich 588; 19 NW2d 110 (1945), cert den 329 US 786; 67 S Ct 299; 91 L Ed 674 (1946). In this context, it is apparent that what plaintiff seeks is a determination of the *form* his continued custody should take—a matter for the parole board—and not whether his continued custody is legal.

Habeas corpus is an alternative remedy and may be refused in the exercise of discretion where full relief may be obtained in other more appropriate proceedings. *People ex rel Davis v Arnette,* 57 AD2d 562; 393 NYS2d 577 (1977). Mandamus is the appropriate remedy where the plaintiff, lacking an adequate legal remedy, alleges a clear legal right to the performance of a specific duty by the defendant, and the defendant has an uncontrovertible legal duty to act in the manner so requested. *Khan v Jackson Prison Warden,* 128 Mich App 224, 226; 340 NW2d 77 (1983). Here, plaintiff has pled facts which, if not controverted, would justify mandamus relief. Moreover, plaintiff has no other remedy at law, since MCL 791.234(5); MSA 28.2304(5) only allows review of the parole board's decision to grant or deny parole, not its failure to render a decision.

We remand to the circuit court for consideration of plaintiff's claim as if it were brought on a complaint for mandamus. On remand, the court shall, upon plaintiff's return to custody, immediately issue an order to show cause why mandamus should not enter. The court shall indicate in the order when defendant must answer the order, and defense counsel shall answer as ordered. Judgment shall be promptly entered.

Vacated and remanded for further proceedings consistent with this opinion. No costs.