■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LARRY STARKS, Appellant, v SUPERINTENDENT, CLINTON CORRECTIONAL FACILITY, et al., Respondents.—Kane, J. P. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered April 30, 1987 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was released on parole to the Syracuse area parole office on July 8, 1986. Among the conditions of his parole were requirements that he attend meetings of Alcoholics Anonymous, abstain from the use of alcoholic beverages and agree to compulsory attendance at a residential drug program which he could not leave without the permission of his parole officer. On September 24, 1986, a parole violation warrant was issued charging petitioner with violating the conditions of his parole in that, on September 22, 1986, he failed to abstain from the use of alcohol, was found to have a blood alcohol content of .16% and, admittedly and for the fifth time, left his mandated residential alcoholic treatment program without permission of his parole officer. Petitioner was taken into custody on September 24, 1986 and waived his right to a preliminary hearing on that date.

Apparently because of overcrowding of detention facilities in the Syracuse area, petitioner was transferred to Rikers Island House of Detention in New York City for his final revocation hearing. Petitioner retained the Legal Aid Society to represent him, and his counsel, by letter dated November 12, 1986, made demand upon respondent State Division of Parole (hereinafter the Division) for a number of documents and reports. Petitioner's counsel also made a demand for a local final revocation hearing pursuant to Executive Law § 259-i (3) (e) (i), which, in pertinent part, provides: "If the alleged violator requests a local revocation hearing, he shall be given a revocation hearing reasonably near the place of the alleged violation or arrest if he has not been convicted of a crime committed while under supervision."

However, the final hearing was held at Rikers Island on December 4, 1986, which resulted in a finding revoking parole and directing incarceration. The Hearing Officer found the objection to the nonlocal character of the hearing without merit, noting petitioner's continued use of alcohol and his lack of interest in rehabilitation. In so finding, the Hearing Officer

rejected as irrelevant petitioner's argument that the location of the hearing in New York City prevented him from providing proof of some acceptable alternative to incarceration. An application by petitioner for a writ of habeas corpus was denied by Supreme Court and this appeal ensued. The issue to be resolved is whether relief should have been granted to petitioner because he was not afforded a "local" final revocation hearing upon the charges of violating the conditions of his parole.

In our view, it is significant that the language of the statute in question provides that if a request is made for a local hearing, it "shall be given" at a location "reasonably near the place of the alleged violation or arrest" (Executive Law § 259-i [3] [e] [i]). In *People ex rel. Weiner v LeFevre* (78 AD2d 736, *appeal dismissed* 54 NY2d 931), this court rejected a similar contention, finding that a hearing held over a petitioner's objection at Ossining Correctional Facility rather than Rikers Island was authorized because there was no showing that Ossining was not as "local" as Rikers Island in terms of traveling time, or that the alleged witnesses inconvenienced by the distance involved would have provided relevant evidence at the hearing.

However, here there can be no valid claim that Syracuse is as "local" as Rikers Island and, in view of the mandatory language of the statute, we are compelled to conclude that in this case petitioner remains entitled to his final revocation at a place "reasonably near" Syracuse. Moreover, we cannot interpret the statutory language to require that petitioner establish that he is otherwise prejudiced by virtue of the sites of the hearing in order to obtain the relief he seeks *(see, People ex rel. Weiner v LeFevre, supra).*

Finally, we recognize another statutory requirement that a *timely* hearing be held (Executive Law § 259-i [3] [f] [i]), and we acknowledge that overcrowding of detention facilities presents significant and practical administrative difficulties. However, the disparity in location between Syracuse and Rikers Island is such as to render the words "reasonably near" meaningless if petitioner is not entitled to relief. Accordingly, the Division should be required to provide petitioner with a final revocation hearing at a location reasonably near the place of his alleged parole violation.

Judgment reversed, on the law, without costs, and writ of habeas corpus granted to the extent that respondent Superintendent of Clinton Correctional Facility produce petitioner before respondent State Division of Parole for the purpose of

conducting a final revocation hearing upon the charges herein contained in warrant No. 99642 at a location reasonably near the place of his arrest thereon. Kane, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.