**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tyrone BRECKENRIDGE,
Defendant–Appellant.**

**No. 89–5583.**

United States Court of Appeals,
Sixth Circuit.

Submitted Nov. 14, 1989.

Decided March 30, 1990.

---

James E. Arehart, Asst. U.S. Atty., Louis DeFalaise, U.S. Atty., Lexington, Ky., James Zerhusen, Asst. U.S. Atty., Covington, Ky., for plaintiff-appellee.

Gary J. Sergent, O'Hara, Ruberg & Taylor, Covington, Ky., for defendant-appellant.

Before KRUPANSKY and RYAN, Circuit Judges; and CHURCHILL, Senior District Judge.*

CHURCHILL, Senior District Judge.

Defendant Tyrone Breckenridge appeals the district court's denial of his motion to dismiss count I of a two-count indictment. Count I charged Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Defendant argues that count I should have been dismissed because he is not a person who has been convicted of a "crime punishable by imprisonment for a term exceeding one year" within the meaning of 18 U.S.C. § 921(a)(20) by virtue of having had a "restoration of civil rights." For the reasons that follow, we reject Defendant's contentions and affirm the district court.

## I.

On April 12, 1973, Tyrone Breckenridge was convicted in the State of New Jersey of breaking and entering, robbery, and threat to take a life. He was released in 1979 and, on September 26, 1986, he received a "Certificate of Good Conduct" (the "Certificate") from the New Jersey Parole Commission. The Certificate states that Breckenridge "has achieved that degree of rehabilitation that his engaging in the work of Guidance and Counseling would not be incompatible with the welfare of society." The Certificate also states that "it does not imply pardon nor does it absolve nor mitigate the offense" and that it does not "prevent nor limit any licensing agency ... from exercising its lawful discretion of power in either granting or refusing a license or certificate to the holder."

On February 20, 1987, Breckenridge was arrested at the Greater Cincinnati International Airport in Boone County, Kentucky, when he attempted to pass through an airport checkpoint with a revolver in one of his suitcases. Apparently, Breckenridge purchased the revolver, which was still in its original package, as a birthday gift for his father who resided in New Jersey. Breckenridge was indicted by a federal grand jury in Kentucky on two counts arising out of this incident. Count I charged that Breckenridge, being a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed, in commerce and affecting commerce, a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(1)(B). Count II charged that Breckenridge attempted to board an aircraft intended for operation in air transportation with a concealed weapon, accessible to him in flight, in violation of 49 U.S.C. App. § 1472(*l*)(1)(A).

Breckenridge filed a motion to dismiss count I of the indictment, on the ground that he was not a person who had been

---

* Honorable James P. Churchill, Chief District Judge for the Eastern District of Michigan, sitting by designation. Judge Churchill became Senior District Judge on December 30, 1989.

convicted of a "crime punishable by imprisonment for a term exceeding one year" as that term is defined in 18 U.S.C. § 921(a)(20). The motion was denied by the district court and Breckenridge entered a conditional guilty plea with respect to count I. Breckenridge received a suspended sentence and was placed on supervised probation for a period of five years. Breckenridge has appealed the denial of his motion to dismiss, contending that the district court erroneously determined that he did not receive a "restoration of civil rights" within the meaning of 18 U.S.C. § 921(a)(20).

## II.

The issue presented in this appeal is whether the law of New Jersey effected a "restoration of civil rights" as contemplated by 18 U.S.C. § 921(a)(20), such that Breckenridge's New Jersey felony conviction does not subject him to federal criminal sanctions for possessing a firearm. Section 922(g)(1) makes it a federal crime for a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm." Section 921(a)(20), which defines "crime punishable by imprisonment for a term exceeding one year," states in relevant part that

[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person

may not ship, transport, possess, or receive firearms.

Breckenridge contends that the Certificate effected a "restoration of civil rights" within the meaning of section 921(a)(20) such that he is no longer disabled under federal law from possessing a firearm. We recently construed the definition of "crime punishable by imprisonment for a term exceeding one year" in light of the legislative history surrounding its genesis. *See United States v. Cassidy*, 899 F.2d 543 (6th Cir.1990).

In *Cassidy*, we held that we must look to the whole of state law in the state where the defendant was convicted in order to determine whether a conviction falls within the statutory definition. *Id.* at 549. We also held that a felon has not had his "civil rights" restored unless, pursuant to the law of the state of conviction, he possesses the right to vote, to serve on a jury and to seek and hold public office. *Id.* at 549. Here, the Certificate itself did not purport to convey any of these rights to Defendant Breckenridge. The Certificate merely provided that Breckenridge should not be precluded from obtaining a counseling license from state licensing authorities because of his conviction.

Furthermore, looking to the whole of New Jersey law, Breckenridge was explicitly restricted from voting [1] and serving on a jury.[2] Thus, Breckenridge has not had a restoration of civil rights. Breckenridge was also restricted from possessing a firearm under New Jersey law.[3] Therefore, even if his civil rights had been restored, the express limitation upon his firearms privileges pursuant to New Jersey law disqualifies him from lawfully possessing a firearm under federal law. *See Cassidy* at 549.

New Jersey law also provides that

---

1. New Jersey law provides that "[n]o person shall have the right of suffrage ... [w]ho has been or shall be convicted of ... robbery ... unless pardoned or restored by law to the right of suffrage." N.J.Stat.Ann. § 19:4–1(2) (West 1989).

2. New Jersey requires that persons in order to qualify for jury service "shall not have been

convicted of a crime." N.J.Stat.Ann. § 2A:69–1 (West 1976).

3. New Jersey law provides that "[a]ny person, having been convicted in this State or elsewhere of the crime of ... robbery ... who purchases, owns, possesses or controls any of the said weapons is guilty of a crime of the fourth degree." N.J.Stat.Ann. § 2C:39–7 (West 1982).

[a]ny person who has been convicted of a crime and by reason thereof has been deprived of the right of suffrage or of any other of his civil rights or privileges, or upon whom there has been imposed a fine or who has suffered a forfeiture, except disqualification to hold and enjoy any public office of honor, profit or trust in this state under judgment of impeachment, may make application for the restoration of the right of suffrage or of such other rights or privileges or for the suspension or remission of such fine or forfeiture, which application the governor may grant by order signed by him.

N.J.Stat.Ann. § 2A:167–5 (West 1985). Breckenridge applied for a pardon, but his application was denied by the Governor of New Jersey.

Breckenridge failed obtain a "restoration of civil rights" under New Jersey law and his conviction in New Jersey of a "crime punishable by imprisonment for a term exceeding one year" subjects him to prosecution under 18 U.S.C. § 922(g)(1). Accordingly, the judgment of the district court is AFFIRMED.