963 F.2d 373
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Michael MILLIKEN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-5929.
 United States Court of Appeals, Sixth Circuit.
 May 19, 1992.
 
 Before RALPH B. GUY, Jr., BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 James Michael Milliken is a pro se federal prisoner who appeals the denial of a motion to vacate his sentence that was filed under 28 U.S.C. § 2255. Milliken's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, Milliken pled guilty to one count of being a felon in possession of a firearm. He is now serving a term of fifteen years imprisonment as a result of this plea. 18 U.S.C. § 924(e)(1). Milliken alleged: 1) that counsel misadvised him regarding his maximum potential sentence; 2) that counsel misadvised him regarding the potential admissibility of his prior convictions; 3) that his sentence violated double jeopardy; and 4) that counsel misadvised him regarding his chances for a successful appeal. The district court denied the motion to vacate on June 27, 1991. It is from this judgment that Milliken now appeals. He also moves for appointment of counsel.
 
 
 3
 Milliken's arguments on appeal are based on a misinterpretation of 18 U.S.C. § 921(a)(20). Tennessee law is not determinative of whether Milliken's prior convictions are excluded under § 924(e) because of the alleged restoration of his civil rights. This is because Milliken's prior convictions arose in Florida and Alabama rather than Tennessee. See United States v. Dahms, 938 F.2d 131, 133 (9th Cir.1991); United States v. Breckenridge, 899 F.2d 540, 542 (6th Cir.), cert. denied, 111 S.Ct. 119 (1990). Moreover, Milliken's civil rights would not be restored automatically even if Tennessee law were determinative because his prior convictions arose before 1986. See Tenn.Code Ann. §§ 40-29-101 to 40-29-104. Therefore, the denial of Milliken's motion to vacate his sentence was appropriate for the reasons well stated in the district court's order, entered June 27, 1991.
 
 
 4
 Accordingly, Milliken's motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.