972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael KRESE, Defendant-Appellant.
 No. 91-2197.
 United States Court of Appeals, Sixth Circuit.
 July 17, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Michael Krese appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, defendant raises two issues, viz., (1) whether defendant's civil rights were restored subsequent to his 1980 Michigan conviction for breaking and entering thereby rendering his 1980 conviction inapplicable for purposes of convicting defendant as a felon in possession of a firearm, and (2) whether defendant was denied his Sixth Amendment guarantee of adequate assistance of counsel. For the reasons that follow, we affirm.
 
 I.
 
 2
 On March 20, 1991, pursuant to a lawful search warrant, federal agents of the Bureau of Alcohol, Tobacco, and Firearms searched defendant's apartment in Detroit, Michigan, and discovered a 20 gauge, single-barrel shotgun located between a wall and a refrigerator in the apartment. Thereafter, on March 22, 1991, defendant was arrested and charged with being a felon in possession of a firearm.
 
 
 3
 In 1980, defendant was convicted of breaking and entering by the State of Michigan. However, on October 25, 1989, defendant was paroled from the Michigan Department of Corrections for his 1980 conviction. According to the Michigan Department of Corrections' records, defendant was on parole at the time that he was arrested on March 22, 1991, for illegally possessing a firearm in violation of federal law.
 
 
 4
 Defendant was indicted on this charge on April 18, 1991. Defendant stipulated prior to trial that he "was convicted in 1980 of a felony, that is, a crime punishable by more than one year imprisonment." R. 1-101. Following a two-day jury trial, the jury returned a verdict of guilty on July 10, 1991. Pursuant to 18 U.S.C. § 924(e)(1), defendant's sentence was enhanced based on the district court's determination that defendant was an armed career criminal due to three prior convictions for breaking and entering an occupied dwelling, violent felonies according to the statute.[1] Consequently, the district court sentenced defendant to 188 months imprisonment. This timely appeal followed.
 
 II.
 A.
 
 5
 Defendant argues that his 1980 conviction for breaking and entering cannot be used as the predicate offense required to prove defendant was a felon at the time he possessed the shotgun in question because his civil rights had been restored to him, thereby expunging his 1980 conviction. In addition, he correctly argues that should his 1980 conviction be reversed, the enhancement of his sentence as an armed career criminal pursuant to section 924(e)(1) would be void.
 
 
 6
 Resolution of the issues in this appeal rests primarily on interpretation of federal and Michigan statutes. This court reviews statutory interpretation de novo. United States v. Cassidy, 899 F.2d 543, 545 (6th Cir.1990). To the extent that defendant's challenge to his conviction is based on a sufficiency of the evidence argument, the conviction is reviewed to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt based upon the evidence presented at trial. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 B.
 18 U.S.C. § 922(g)(1) provides that
 
 7
 [i]t shall be unlawful for any person--
 
 
 8
 (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; ...
 
 
 9
 To possess in or affecting commerce, any firearm or ammunition....
 
 
 10
 The term "crime punishable by imprisonment for a term exceeding one year" is defined by 18 U.S.C. § 921(a)(20) as follows:
 
 
 11
 What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungment, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.
 
 
 12
 Thus, under 18 U.S.C. § 921(a)(20), where a defendant's civil rights have been restored following conviction for a crime, that conviction may not be used as the predicate offense upon which to base a subsequent conviction for possession of a firearm by a felon in violation of federal law. The only exception to this provision is where state law specifically prohibits the defendant from possessing a firearm.
 
 
 13
 In United States v. Cassidy, 899 F.2d 543, 549 (6th Cir.1990), we held that when determining whether a defendant's civil rights have been restored, courts must "look to the whole of state law of the state of conviction." Id. We stated that a restoration of civil rights for purposes of section 921(a)(20) "include[s] the right to vote, the right to seek and hold public office and the right to serve on a jury." Id. In United States v. Breckenridge, 899 F.2d 540, 542 (6th Cir.), cert. denied, 115 S.Ct. 119 (1990), we interpreted Cassidy to hold that the restoration of rights to vote, to serve on a jury, and to seek and hold public office is required before a felon may be said to have had his civil rights restored for purposes of section 921(a)(20).
 
 
 14
 Thus, to determine whether defendant's civil rights were restored at the time he possessed the shotgun in this case, we must look to the whole of Michigan law to determine whether defendant possessed the right to vote, to seek and hold public office, to serve on a jury, and whether Michigan law specifically prohibited him from possessing a firearm.
 
 
 15
 While Michigan law expressly restricts a felon's right to possess pistols and carry a concealed weapon, there is no express restriction on a convicted felon's right to possess firearms other than pistols.[2] Therefore, in determining whether the defendant's 1980 conviction may serve as the predicate offense for his present conviction, we must determine whether or not defendant's civil rights had been restored under Michigan law at the time of his arrest in this case.
 
 
 16
 This court has not had the opportunity to address the question of the restoration of a felon's civil rights under Michigan law, as Breckenridge involved New Jersey law and Cassidy involved Ohio law. This issue was addressed, however, by the Ninth Circuit in United States v. Dahms, 938 F.2d 131 (9th Cir.1991). In that case, which is relied on by defendant, the Ninth Circuit found that several sections of the Michigan Civil Code automatically and substantially restored the rights to vote, to hold public office, and to serve on a jury to a felon released from prison and parole. Id. at 133-34. See also United States v. Gilliam, 778 F.Supp. 935 (E.D.Mich.1991) (relying on Dahms, the court held that Michigan law automatically restores a convicted felon's civil rights upon the felon's release).
 
 
 17
 In this case, defendant argues that the Michigan Department of Corrections' records erroneously reflected that he was on parole at the time that he was arrested. However, defendant did not raise this argument until the sentencing hearing. Moreover, before trial, he stipulated that he had been convicted of a crime punishable by a term exceeding one year. Thus, the evidence at trial indicated defendant was on parole at the time of the instant offense.
 
 
 18
 Because defendant in this case had not yet been released from parole as had the defendant in Dahms, we need not address whether Michigan law automatically restores a felon's civil rights upon release. Under Michigan law, while a felon is still serving his sentence for a conviction of a felony, it is clear that his civil rights to vote and to serve as a juror are not restored to him.
 
 
 19
 The government correctly argues that Mich.Comp.Laws Ann. § 168.758b (West 1981) prohibited defendant from voting at the time he was arrested in this case. Section 168.758b provides:
 
 
 20
 A person who, in a court of this or another state or in a federal court, has been legally convicted and sentenced for a crime for which the penalty imposed is confinement in jail or prison shall not vote, offer to vote, attempt to vote, or be permitted to vote at an election while confined.
 
 
 21
 Defendant argues that since he was no longer in prison at the time he allegedly violated section 922(g)(1), his right to vote had been restored to him. On the other hand, the government argues that because defendant was still on parole at the time of the offense, he was still confined for purposes of section 168.758b and thus was prohibited from voting in an election. In support of this argument, the government asserts that under Michigan law, "parole is tantamount to actual incarceration." Appellee's Brief at 5. We agree. In Phillips v. Warden, State Prison of Southern Michigan, 396 N.W.2d 482, 486 (Mich.App.1986), leave to appeal denied, 428 Mich. 859 (1987), the court stated that
 
 
 22
 [p]arole has been defined as a form of custody whereby the prisoner leaves his place of incarceration while remaining in the legal custody and control of the parole board until the termination of his sentence. Its purpose is to keep a prisoner in legal custody while permitting him to live beyond the prison enclosure so that he may have the opportunity to show that he can refrain from committing crime.
 
 
 23
 Id. at 565-66 (citations omitted). Thus, because defendant was still confined by virtue of his parole, he did not possess the right to vote.
 
 
 24
 The government also correctly argues that Mich.Comp.Laws Ann. § 600.1307a (West Supp.1991) prohibited defendant from serving as a juror at the time of the offense. Section 600.1307a provides: "to qualify as a juror a person shall ... not be under sentence for a felony at the time of jury selection." There is little doubt that where a defendant is on parole for a previous felony conviction, he is still "under sentence" for that crime.
 
 
 25
 Defendant makes a meritless argument that service as a juror is merely a duty and not a right which one possesses by virtue of his citizenship. In support of this argument, defendant observes that under Mich.Comp.Laws Ann. § 600.1304 (West Supp.1991), jurors are selected from registered voter rolls, motor vehicle drivers list, and the personal identification cardholder list. Thus, according to defendant, only those persons on these lists "qualify" to serve as jurors. However, section 600.1304 simply provides a method with which to select jurors. It does not classify service as a juror as a duty rather than a right simply because it sets forth a means by which persons shall be selected. Moreover, as we held in Cassidy and Breckenridge, the ability to serve as a juror must be restored before the defendant can be said to have his civil rights restored for purposes of section 921(a)(20). Cassidy, 899 F.2d at 547; Breckenridge, 899 F.2d at 542. Therefore, because defendant was on parole at the time he possessed the shotgun in question, his right to serve as a juror had not been restored.
 
 
 26
 In sum, because defendant's rights to vote and to serve as a juror were not restored at the time he was arrested in this case, his civil rights had not been restored. Thus, his 1980 Michigan conviction for breaking and entering had not been expunged and was properly used as the predicate offense for defendant's conviction of illegal possession of a firearm by a felon.
 
 
 27
 On appeal, defendant informs us that he is presently pursuing an action in Michigan state court to determine whether the Michigan Department of Corrections incorrectly identified him as being on parole at the time he possessed the shotgun. Should a Michigan court determine that defendant was, in fact, not on parole at the time in question, a genuine issue will exist as to whether a predicate offense exists upon which to base his present conviction under section 922(g)(1). Should this occur, the issue may be addressed by way of a petition for habeas corpus under 28 U.S.C. § 2255.
 
 C.
 
 28
 Finally, defendant argues that he did not receive effective assistance of counsel below. However, this court generally will not address a claim of ineffective assistance of counsel not presented to the district court. United States v. Gonzales, 929 F.2d 213, 215 (6th Cir.1991). The rationale behind this rule is that evidence in the record below is insufficient for this court to address the merits of the claim. Id. Here, the record is clearly not sufficient for us to consider this issue.
 
 III.
 
 29
 For the reasons stated, the defendant's conviction is AFFIRMED.
 
 
 
 [1]
 18 U.S.C. § 924(e)(1) provides:
 In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
 
 
 [2]
 Mich.Comp.Laws Ann. § 28.422 (West Supp.1990) was the applicable statute in effect at the time defendant committed the instant offense. It provided that a person could not receive a mandatory license to carry a pistol unless he "has not been convicted of a felony or has not been incarcerated as a result of a felony conviction in this state or elsewhere during the 8-year period immediately preceding the date of application."