53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael KRESE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2362.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1995.
 
 1
 BEFORE: KENNEDY and SUHRHEINRICH, Circuit Judges; and HILLMAN, District Judge.*
 
 ORDER
 
 2
 Michael Krese, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In July 1991, a jury convicted Krese of being a felon in possession of a firearm (shotgun) in violation of 18 U.S.C. Sec. 922(g)(1). Because Krese had three prior felony convictions, he was sentenced to 188 months of imprisonment pursuant to 18 U.S.C. Sec. 924(e). On appeal, a panel of this court affirmed Krese's conviction. United States v. Krese, Case No. 91-2197, 1992 WL 168101 (6th Cir. July 17, 1992) (per curiam).
 
 
 4
 In support of his motion to vacate sentence, Krese filed a fifty-four page brief and a ninety page brief. Krese argued that: 1) the government did not prove that the shotgun had been shipped prior to the effective date of 18 U.S.C. Sec. 922, or that the shotgun had affected interstate commerce; 2) the trial court erred when it did not instruct the jury that the government was required to disprove the restoration of Krese's civil rights; 3) the trial court erred when it declined to hold an open court hearing on the validity of the search warrant issued in this case; 4) the trial court erred when it reserved it's ruling on the admissibility of Krese's prior bad acts as impeachment testimony; and 5) both trial and appellate counsel rendered ineffective assistance. The district court denied the motion as without merit. Krese has filed a timely notice of appeal, reasserting his same claims.
 
 
 5
 Upon review, we conclude that the district court properly denied the motion to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994). In order to obtain relief on the basis of nonconstitutional error, Krese must show a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S. Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.), cert. denied, 113 S. Ct. 2424 (1993).
 
 
 6
 Krese has waived his right to raise his claims enumerated 1, 2, 3 and 4 above because he did not raise them on direct appeal, and he has not demonstrated cause and prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). Krese has not asserted cause for his failure to raise these claims, and none is apparent from the record. It is also clear that Krese can show no prejudice because his claims are without merit for the following reasons. (It is noted that this cause and prejudice analysis does not apply to Krese's ineffective assistance of counsel claim, as that claim is not cognizable on direct appeal. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir. 1993).)
 
 
 7
 Krese's first claim is without merit as the government established that the shotgun that Krese possessed affected interstate commerce by establishing that it had been manufactured outside of Michigan, see United States v. Fish, 928 F.2d 185, 186 (6th Cir.), cert. denied, 502 U.S. 834 (1991), and that Krese possessed the shotgun after October 22, 1968, the effective date of 18 U.S.C. Sec. 922. Krese's second claim is without merit as he was not entitled to a jury instruction that Michigan law automatically restored his civil rights to him upon his release from prison as this statement is inaccurate. See United States v. Tinker, 985 F.2d 241, 242 (6th Cir. 1992), cert. denied, 113 S. Ct. 1872 (1993); United States v. Gilliam, 979 F.2d 436, 437 (6th Cir. 1992), cert. denied, 113 S. Ct. 1856 (1993). Krese's third claim is without merit as he was not entitled to a hearing in compliance with Franks v. Delaware, 438 U.S. 154 (1978), as he did not identify the specific statements that he claims were made intentionally or with reckless disregard for the truth. See United States v. Bonds, 12 F.3d 540, 568 n.26 (6th Cir. 1993); United States v. Ayen, 997 F.2d 1150, 1151 (6th Cir. 1993); United States v. Martin, 920 F.2d 393, 398 (6th Cir. 1990). Krese's fourth claim is without merit because he may not challenge the trial court's impeachment ruling as he did not testify at trial. See United States v. Sanderson, 966 F.2d 184, 189-90 (6th Cir. 1992); United States v. Williams, 939 F.2d 721, 724 (9th Cir. 1991). Finally, Krese received effective assistance of counsel, see Strickland v. Washington, 466 U.S. 668, 684 (1984), as neither trial nor appellate counsel is required to raise frivolous arguments or defenses. See Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir. 1986).
 
 
 8
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation