*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TERRENCE TERRELL MOORE,

      Plaintiff-Appellant,

UNPUBLISHED
June 23, 2022

v

No. 356596
Branch Circuit Court
LC No. 20-120616-AH

LAKELAND CORRECTIONAL FACILITY
WARDEN,

      Defendant-Appellee.

Before: MARKEY, P.J., and SHAPIRO and PATEL, JJ.

PER CURIAM.

In this writ of habeas corpus action, plaintiff appeals as of right the trial court's order denying the writ. We affirm.[1]

> The object of the writ of habeas corpus is to determine the legality of the restraint under which a person is held. The writ of habeas corpus deals with radical defects that render a judgment or proceeding absolutely void. In general, MCL 600.4310(3) prohibits habeas corpus relief to persons convicted, or in execution, upon legal process, civil or criminal. But relief is open to a convicted person in one narrow instance, where the convicting court was without jurisdiction to try the defendant for the crime in question. Moreover, to qualify for habeas corpus relief, the jurisdictional defect must be radical, rendering the conviction absolutely void. A radical defect in jurisdiction contemplates an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission. Nevertheless, habeas relief may be denied in the

---

[1] We review for an abuse of discretion a circuit court's denial of habeas relief. *Moses v Dep't of Corrections*, 274 Mich App 481, 486; 736 NW2d 269 (2007). We review de novo questions of constitutional law. *People v Shenoskey*, 320 Mich App 80, 82; 903 NW2d 212 (2017).

exercise of a court's discretion where full relief may be obtained in other more appropriate proceedings. Thus, while plaintiff may not use a habeas proceeding as a substitute for an appeal or to review the merits of his criminal conviction, plaintiff may assert a radical defect in the jurisdiction of the court in which his conviction was obtained. [*Moses v Dep't of Corrections*, 274 Mich App 481, 485-486; 736 NW2d 269 (2007) (quotation marks, citations, and alterations omitted).]

This is not a typical habeas case. Plaintiff does not allege that his underlying convictions suffer from a jurisdictional defect. Instead, plaintiff argues that he must be released from confinement because COVID-19, and defendant's response to it, amount to a second sentence for the same convictions in violation of the Double Jeopardy Clause.[2] Yet he provides no legal authority in support of this novel argument. Plaintiff has not been subjected to a second prosecution for the same offense. Although the Double Jeopardy Clause also protects against "multiple punishments for the same offense," *People v Ream*, 481 Mich 223, 227; 750 NW2d 536 (2008), this refers to whether a defendant may be convicted of and sentenced for multiple crimes on the basis of the same conduct. See *People v Garland*, 286 Mich App 1, 4-5; 777 NW2d 732 (2009). Accordingly, there is no analytical framework for analyzing plaintiff's claim, which would amount to a new double-jeopardy protection as well as an enlargement of a habeas action's limited scope. Accordingly, plaintiff's argument fails, and he is not entitled to habeas relief.

To the extent that plaintiff seeks to alter or challenge the conditions of his confinement through declaratory or injunctive relief, these matters are not proper habeas claims, and we must dismiss them. As this Court explained in *Phillips v State Prison Warden*, 153 Mich App 557, 565; 396 NW2d 482 (1986):

> The primary, if not the only, object of a writ of habeas corpus is to determine the legality of the restraint under which a person is held. In this regard, a distinction must be made between a challenge to the fact or duration of confinement, . . . and an attack on the conditions of confinement. Habeas corpus is proper in the former instance; in the latter it is not.

Further, nonhabeas civil claims are subject to additional mandatory disclosure requirements. MCL 600.5507(2) and (3) provide as follows:

> (2) A prisoner who brings a civil action or appeals a judgment concerning prison conditions shall, upon commencement of the action or initiation of the appeal, disclose the number of civil actions and appeals that the prisoner has previously initiated.

> (3) The court shall dismiss a civil action or appeal at any time, regardless of any filing fee that may have been paid, if the court finds any of the following:

_____

[2] Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for the same offense. US Const, Am V; Const 1963, art 1, § 15.

(a) The prisoner's claim of injury or of imminent danger under subsection (1) is false.

(b) The prisoner fails to comply with the disclosure requirements of subsection (2).

Because plaintiff did not disclose the number of civil cases that he has previously filed, even if that number was zero, plaintiff's nonhabeas claims must be dismissed. *Tomzek v Dep't of Corrections*, 258 Mich App 222, 223-225; 672 NW2d 511 (2003). We, therefore, may not address plaintiff's requests for declaratory and injunctive relief.

Affirmed.

/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Sima G. Patel