■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. GABRIEL HODGE, Appellant, v. EDWARD M. FISCHER, as Sheriff of Albany County, et al., Respondents.— REYNOLDS, J. P. Appeal from a judgment of the Supreme Court, Albany County, dismissing appellant's writ of habeas corpus after a hearing. While this appeal was pending, appellant was indicted by the Albany County Grand Jury for the crimes of burglary, third degree in violation of section 140.20 of the Penal Law, and grand larceny, second degree in violation of section 155.35 of the Penal Law, arising from the same factual circumstances recited in the information here involved. Appellant is thus no longer held pursuant to the information but instead the Grand Jury indictment, and thus his objection to the original detention is now academic (see *People ex rel. Hirschberg* v. *Close*, 1 N Y 2d 258). Appeal dismissed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.

## (January 26, 1970)

■ ARTHUR DAVIS et al., Appellants, v. VILLAGE OF ENDICOTT, Defendant and Third-Party Plaintiff-Respondent. LEONARD J. BARRON et al., Third-Party Defendants-Respondents.— *Per Curiam.* Appeal from a judgment of the Supreme Court, Broome County, entered on jury verdicts of no cause of action and from an order of the same court denying appellants' motion to set aside the jury's verdicts and direct judgment in their favor or, in the alternative, direct a new trial. Appellants seek damages for personal injuries allegedly sustained by appellant Margaret Davis on July 23, 1965 when she fell while being X-rayed at the radiology department of the Ideal Hospital, owned and operated by the respondent Village of Endicott. The sole issue raised here by appellants is whether as a matter of law appellant Margaret Davis was free from contributory negligence. However, the jury could on the instant record have properly premised its determination of no cause of action on the ground that the respondent was not guilty of negligence. And it is clear that appellants took no exception or made any request with respect to the Trial Judge's charge as to the issue of contributory negligence. Moreover, we could not in any event find in this case that as a matter of law this issue should not have been submitted to the jury. (See *Broderick* v. *Cauldwell-Wingate Co.*, 301 N. Y. 182, 188.) Judgment and order affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum *Per Curiam.*