■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID INTERDONATO, et al., Appellants, v WARDEN-EXECUTIVE DIRECTOR, Respondent. — Appeal from order, Supreme Court, Bronx County (Howard E. Goldfluss, J.), entered May 3, 1983 denying petitioners' application for the fixation of bail, deemed by the court to be a writ of habeas corpus seeking their release from detention or in the alternative fixing reasonable bail, unanimously dismissed as moot, without costs. The application was addressed to the felony complaint which petitioners had waived to the Supreme Court. While this appeal was pending, petitioners were indicted for crimes based on the charges specified in the underlying felony complaint. Appellants are thus no longer held pursuant to the felony complaint but instead under the Grand Jury indictment. Accordingly their objection to the original detention is academic (see *People ex rel. Hodge v Fischer,* 33 AD2d 956). Concur — Sandler, J. P., Carro, Asch, Fein and Alexander, JJ.

■ KENNETH WAMPLER et al., Appellants-Respondents, v HERBERT CHARLES et al., Respondents-Appellants. (*Action No. 1.*) 150 WEST 26TH STREET CORP., Respondent, v JON PHILLIPS et al., Appellants. (*Action No. 2.*) — Order, Supreme Court, New York County (Cahn, J.), entered November 5, 1982, *inter alia,* ordering tenants, plaintiffs in Action No. 1, to pay to the landlord monthly rent as such becomes due, unanimously modified, on the law, without costs or disbursements, to the extent of conditioning the continuance of the injunction contained in the prior order (Tyler, J.), entered December 23, 1981, enjoining the landlord from commencing any further summary proceedings against any of the plaintiffs in the Civil Court of the City of New York, pending disposition of the consolidated actions or further order of the Supreme Court, upon tenants' payment to the landlord of any arrears in rent, accruing from November 1, 1982, to be made within 30 days of service of the order hereon and upon payment of all future rent as such becomes due, and otherwise affirmed. While the motion by the landlord to release funds, previously deposited by the tenants pursuant to the prior order, was a motion to modify the prior direction and, accordingly, should have been referred (CPLR 2221), the parties never requested a reference and did not raise the issue until reargument was sought, after a decision had been rendered. In any event, the doctrine of law of the case has no applicability or binding effect on this appeal (see *Martin v City of Cohoes,* 37 NY2d 162, 165; *Rager v McCloskey,* 305 NY 75, 78). We find that the initial direction that the tenants pay rent into court was premised, at least in part, upon the failure of the landlord to secure a required multiple dwelling registration and residential certificate of occupancy, which was obtained on July 20, 1982. Thereupon, the landlord moved for a release of the funds. To the extent that the tenants challenge so much of the order as directed a turnover of a portion of the fund, it appears that the landlord has already received and disbursed the fund, the prior stay having been vacated by us when the tenants failed to timely perfect their appeal. In light of the foregoing, we uphold the order releasing a portion of the fund. We also find appropriate a modification of the order appealed from so as to condition the continuation of the prior grant of injunctive relief, enjoining the landlord during the pendency of the actions from commencing any further summary eviction proceedings, upon the payment by the tenants of (1) current and future rent as such becomes due and (2) all arrears owing from November, 1982, when Special Term rendered its decision (see *Corris v 129 Front Co.,* 85 AD2d 176, 180). We have examined the remaining contentions of the parties and find them lacking in merit. Concur — Sandler, J. P., Ross, Asch, Fein and Kassal, JJ.