OPINION OF THE COURT
Frank Torres, J.
The defendant petitions this court by writ of habeas corpus for his immediate release. The defendant claims that he is *904 currently being detained illegally because his statutory rights under CPL 180.80 were violated several weeks ago when the prosecutor failed to file a written certificate of indictment before the Criminal Court on the CPL 180.80 date and the defendant was not released. A summary recital of the facts will be presented followed by an analysis of the applicable law. The court concludes in the first instance that the defendant was not detained in violation of his CPL 180.80 statutory rights and, secondly, that the writ presents an issue that is moot.
On May 18, 1986, in the County of Bronx, the defendant was arrested on an accusation of having committed a felony crime. On May 19, 1986, he was arraigned on a felony complaint before the Bronx Criminal Court and bail was set in the sum of $500 cash. At the arraignment, the defendant was given notice that it was the prosecutor’s intention to present the case to the Grand Jury of Bronx County. The defendant, through his attorney, gave notice that he wished to reserve his right to testify before the Grand Jury. The case was adjourned until May 23, 1986. May 23, 1986 was the CPL 180.80 date; the date, pursuant to CPL 180.80, by which an indictment would have to be voted or a felony hearing held. If the felony complaint is not disposed of through such actions the defendant’s release is mandated unless a good cause adjournment is granted by the court. (CPL 180.80.)
On May 23, 1986, the Assistant District Attorney presented his case to the Grand Jury. The defendant, however, was not produced before the Criminal Court during regular court hours and in fact did not appear before the court until late that evening after his case had been called and adjourned. During the course of the day, the prosecutor contacted the defense counsel to determine if the defendant was going to exercise his right to testify before the Grand Jury. Because of the defendant’s unavailability, the defense counsel could not effectuate the defendant’s right to testify nor could she waive this right. This date was the last day of the term for this Grand Jury panel. The prosecutor forestalled the taking of a vote until shortly before the end of the regular court workday. Since the defendant had not been produced, the prosecutor completed the presentation to the Grand Jury and a true bill was voted. The Judge in Criminal Court was orally informed of the action taken by the Grand Jury. The prosecutor did not file a written certificate indicating that an indictment had been voted (henceforth: the written certificate) as is mandated *905 by CPL 180.80 (2) (a). Nor was a demand for such a certificate made by defense counsel. The case was adjourned to a date for arraignment on the indictment in Bronx Supreme Court. The court maintained the same bail conditions.
On June 18, 1986, the defendant was arraigned on the indictment in Bronx Supreme Court. Bail was continued, i.e., reset in the same amount of $500 cash. Subsequent to the arraignment date in Supreme Court, the defendant appeared before the Supreme Court on one more occasion before the filing of this writ of habeas corpus. The defendant, unable to post bail, has remained incarcerated throughout the pendency of this case. The defendant now petitions for his immediate release.
The defendant claims that he is currently being detained illegally, because on May 23, 1986, notwithstanding the fact that the prosecutor gave the Criminal Court oral notice that a true bill had been voted, the prosecutor failed to file a written certificate to this effect as is required by statute. (CPL 180.80 [2] [a].) The defendant argues that the failure to file such a written certificate mandated his immediate release on the 180.80 date. The defendant requests that this writ be granted nunc pro tunc effective the date of the prosecutor’s failure to file the written certificate. The defendant further argues that had he been released on the 180.80 date, the defendant would have reappeared voluntarily on the Supreme Court arraignment date and would have most probably been permitted to remain at liberty pending the disposition or trial of the case.
Before responding to the merits of defendant’s application, the record should be clear that the defendant is not requesting that he be released because he was not afforded the opportunity to testify before the Grand Jury. The defendant now concedes that he would not have exercised his right to testify had he been afforded the opportunity.
In addressing the merits of the defendant’s application, the court identifies two key issues raised on these facts by this writ. First, the court must address the substantive significance of the failure of the prosecutor to file the written certificate indicating that an indictment had been voted. Second, the court must address the untimeliness of this proceeding. A legal analysis of both of these issues, the court believes, requires a dismissal of this application.
Preliminarily, the court notes that it has examined that part of the Grand Jury minutes that constitutes the charge on *906 the applicable law. The court understands that the charge on the law is the prosecutor’s final action before the Grand Jury proceeds to vote on whether to indict a given defendant. Since the Grand Jury minutes are dated May 23, 1986, the court is satisfied that an indictment was in fact voted on May 23, 1986, the 180.80 date, as has been continuously argued by the prosecutor.
After an analysis of CPL 180.80 and a review of these facts, the court does not agree that in this case the prosecutor’s failure to file a written certificate mandates the defendant’s release. CPL 180.80 in essence states that a defendant held in custody upon a felony complaint "for a period of more than one hundred and twenty hours [or one hundred and forty four hours under specified conditions] without either a disposition of the felony complaint or commencement of a hearing thereon, the local criminal court must release him on his own recognizance”. The statute then proceeds to list the exceptions under which the defendant is not to be released. Of particular import, the defendant is not to be released pursuant to CPL 180.80 (2) (a) if "[t]he district attorney files with the court a written certification that an indictment has been voted”. It was the prosecutor’s failure to file this certificate which the defendant alleges gave rise to his illegal detention. The court does not agree.
The court notes that given the daily high volume of cases on the calendars of the Parts in the Criminal Court, it is the usual custom for all parties to a case to proceed upon the representations made by the prosecutor as an officer of the court. Therefore, a written certificate, as mandated by the statute, is rarely filed by the prosecutor and rarely requested by the defense counsel. However, when a specific request is made that such written certification be filed, most courts will not adjourn the case until the prosecutor complies with his statutory obligation. The prosecutor concedes that no such request was made.
The court recognizes that the "usual practice” is not the basis for sound legal reasoning, but believes that this particular practice is based upon a legally sound and rational foundation. Since the filing of an indictment on the same date of the vote is inordinately time-consuming, the CPL under section 180.80 provides the prosecutor with a simplified mechanism with which to verify that a true bill has been voted. The substantive protection provided by the CPL is not that this paper be filed. The substantive protection provided by the CPL *907 is the fact that by the 180.80 date there must be some independent judicial or quasi-judicial review. If a given defendant is not afforded a felony hearing, nor is indicted, by the 180.80 date, such defendant must then be released. The filing of the written certificate is merely a ministerial act by which the substantive protection provided by the statute can be verified. Once the Grand Jury has voted an indictment, the independent review protection provided to the defendant by CPL 180.80 has been met. Therefore, there is nothing procedurally wrong with the "usual practice” of the courts and defense attorneys to forego the filing of the written certificate once representations are made by the prosecutor on the record.
However, when a request is made, for whatever reasons, for a copy of the written certificate and the prosecutor is unable to file such certificate then the defendant would have to be released. The prosecutor’s failure to file the certificate upon such request is tantamount to being unable to verify that a true bill was in fact voted. No such specific request was made here, but more importantly the Criminal Court had been informed that a true bill had been voted and this court has since verified that vote by a review of the Grand Jury minutes. Therefore, although a written certificate was not filed pursuant to CPL 180.80, the Criminal Court had been informed that a true bill had been voted on the 180.80 date.
For the above-mentioned reasons, the court concludes that once the true bill was voted, and the court was so informed, the defendant’s continued detention beyond May 23, 1986 was not illegal.
The court, furthermore, is of the opinion that the filing of this writ of habeas corpus at this late date raises an issue that is moot. Assuming, arguendo, that the defendant, on May 23, 1986, had a nonwaivable statutory right to the filing of the written certificate, the appropriate time for filing this writ would have been after the refusal to release the defendant and before the date of arraignment upon the indictment in Supreme Court. Pursuant to CPL 210.15 (6), the Supreme Court must then release the defendant on his own recognizance or set bail. The Supreme Court is a superior court and is not bound by the actions of the lower Criminal Court. On June 18, 1986, both parties agree that the defendant was arraigned in Bronx Supreme Court and bail was continued, i.e., set again, in the same amount of $500 cash. The sitting Supreme Court Justice was acting pursuant to statutory law *908 and his actions were in no way violative of the defendant’s rights. In fact, the defendant is not alleging that the bail set was excessive. The defendant instead argues that had the defendant been released on the CPL 180.80 date, he would have voluntarily returned on the Supreme Court arraignment date and the court would have most likely continued the bail status. While there is much logic and reason to these arguments, the court would have to indulge in speculation to entertain these arguments as fact. Nothing in the record supports the claim that the defendant would have voluntarily returned for the Supreme Court arraignment date. Nor is there any way to determine whether the presiding Justice would have maintained the defendant at liberty or would have reset bail. In fact, the presiding Justice could have, if he so chose, increased the bail. What is fact, and law, is the fact that the presiding Justice had the power and obligation to make a bail determination unfettered by the lower Criminal Court’s actions. The court, therefore, believes that even assuming, arguendo, an unlawful detention occurred between May 23, 1986, and June 18, 1986, such illegal detention was terminated on the Supreme Court arraignment date by the arraignment on the new indictment and the setting of bail. The court believes that the issue raised in this writ is therefore moot.
For all of the foregoing reasons, the court dismisses this writ of habeas corpus.