■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES HAMPTON, Appellant, v CHARLES J. SCULLY as Superintendent of Green Haven Prison, Respondent.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Marlow, J.), dated February 14, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's claims with regard to the timeliness of the violation of probation hearing and the validity of the sentence imposed upon the petitioner's violation of probation are not reviewable in a habeas corpus proceeding because they are issues which could have or should have been raised and considered on the direct appeal from the judgment of conviction (see, e.g., People ex rel. Stewart v People, 143 AD2d 1068; Matter of Williams v Scully, 135 AD2d 721; People ex rel. Phifer v Scully, 107 AD2d 729). The petitioner's claim that 11 months of jail time should be credited toward his sentence because of delays in the proceedings leading to his November 1984 conviction is also not subject to review in a habeas corpus proceeding. Even if the petitioner prevailed on his claims and we found that he was eligible for parole, he would not be entitled to immediate release from custody since eligibility for parole creates only a mere possibility of release and not a legitimate expectation that parole will be granted (see, Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 75). Because the petitioner would not be entitled to immediate

release, habeas corpus relief is inappropriate *(see, e.g., People ex rel. Kaplan v Commissioner of Correction,* 60 NY2d 648; *People ex rel. Douglas v Vincent,* 50 NY2d 901; *People ex rel. Stewart v People, supra).* Although this court has the power to convert this branch of the petition into a proceeding pursuant to CPLR article 78 to review the calculation of the petitioner's jail time *(see,* CPLR 103 [c]; *People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391, 398; *People ex rel. Wilson v Kelly,* 142 AD2d 989), we do not consider that course to be appropriate upon the instant record. Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.