■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MELENE HEINRICH, on Behalf of SHERRY RIVERS, Respondent, v ALLYN R. SIELAFF, Appellant.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Queens County (Naro, J.), dated September 27, 1991, which sustained the writ only to the extent of reducing the petitioner's bail and declined to direct her release on her own recognizance.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was arrested at approximately 7:25 P.M. on June 18, 1991, and charged with criminal sale of a controlled substance in the third degree. She was arraigned the next day on a felony complaint and bail was set in the amount of $20,000 bond or cash. When the petitioner was unable to meet bail, the case was adjourned to June 24, 1991. Before the matter was adjourned, the defense counsel served upon the prosecutor notice of the petitioner's intention to testify before the Grand Jury. On June 24, 1991 the petitioner was produced in the Grand Jury area, pursuant to an order to produce obtained by her counsel. At approximately 3:00 P.M., the prosecutor informed the defense counsel that the petitioner could not testify until two other witnesses had testified and left the area.

At about 5:00 P.M., the prosecutor advised the defense counsel by telephone that other witnesses still had to testify before the Grand Jury, and requested that the petitioner waive her rights under CPL 180.80 and testify two days later. When the defense counsel rejected this option, the prosecutor submitted the case to the Grand Jury and an indictment was voted. Thereafter, the petitioner commenced this proceeding, seeking to be released on the ground that the People circumvented the time requirements of CPL 180.80 by obtaining an indictment without allowing her to testify before the Grand Jury. The court declined to release her. We now affirm.

At the outset, we note that the issue presented on appeal is technically academic, as we were advised on oral argument that the original indictment was later dismissed and the petitioner has since been reindicted. However, since this issue is likely to arise again and is of the type that typically evades review, we have addressed it (see, People ex rel. Wagner v Infante, 167 AD2d 630; People ex rel. Vancour v Scoralick, 140 AD2d 658, 659).

Where a defendant held on a felony complaint has been confined in custody for more than 120 hours, or if a Saturday, Sunday or holiday intervenes, for more than 144 hours, without either the disposition of the felony complaint or the commencement of a hearing thereon, CPL 180.80 requires a court to release the defendant on his or her own recognizance. Release is not required, however, if the prosecutor has filed a written certification indicating that an indictment has been voted or an indictment has been filed (CPL 180.80). In the

instant case, it is undisputed that a certification that an indictment had been returned by the Grand Jury was filed before the requisite time expired. Accordingly, the court properly declined to release the petitioner. Contrary to the petitioner's claim, courts are not required to consider the validity of the underlying indictment in assessing whether CPL 180.80 has been violated (see generally, People v Rivera, 132 Misc 2d 903). A challenge to the indictment itself should be raised by a motion to dismiss (see, e.g., People ex rel. Kitchen v White, 158 AD2d 437).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.