■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARL DEFLUMER, JR., Respondent, v WAYNE STRACK, as Superintendent, Appellant. [623 NYS2d 1] —In a habeas corpus proceeding, the respondent appeals from a judgment of the Supreme Court, Dutchess County (Dolan, J.), dated January 12, 1995, which sustained the writ and directed the respondent to discharge and release the petitioner, subject to continued supervision under the direction of the New York State Division of Parole.

Ordered that the judgment is reversed and the proceeding is dismissed, without costs or disbursements.

The petitioner was conditionally released on September 9, 1994, subject to written special conditions (see, Executive Law §§ 259-g, 259-c; 9 NYCRR part 8003; Penal Law § 70.40). Those conditions included a requirement that he reside in an approved residence, specifically, the home of his sister in Glenmont, New York. However, on the morning of his release the petitioner's sister revoked her consent to have him live with her, and new special conditions were imposed, which included a requirement that the petitioner reside at a residential treatment facility located at the Fishkill Correctional Facility (see, Correction Law § 73 [10]). The petitioner signed a form containing the modified conditions, indicating his understanding and consent thereto, as required by Executive Law § 259-g (2). He then sought relief in the nature of a writ of habeas corpus.

Habeas corpus will lie only when the petitioner is entitled to immediate release (see, People ex rel. Kaplan v Commissioner of Correction of City of N. Y., 60 NY2d 648; People ex rel. Mendolia v Superintendent, 47 NY2d 779; People ex rel. Hampton v Scully, 166 AD2d 734). It is an alternative remedy and "may be refused in the exercise of discretion where full relief may be obtained in other more appropriate proceedings" (People ex rel. Davis v Arnette, 57 AD2d 562, affd 44 NY2d 877). In the instant case, the petitioner has been granted a conditional release from custody and, in effect, seeks to challenge the validity of certain of the conditions which have been imposed upon him. His claims would be best reviewed in a proceeding pursuant to CPLR article 78, to determine whether or not the conditions were arbitrarily or capriciously imposed, or were not made in accordance with the law (see, Matter of Gerena v Rodriguez, 192 AD2d 606). Although this Court has

the power to convert the petition into a proceeding pursuant to CPLR article 78 *(see,* CPLR 103 [c]; *People ex rel. Brown v New York State Div. of Parole,* 70 NY2d 391, 398), we do not consider that course to be appropriate upon this record *(see, People ex rel. Hampton v Scully,* 166 AD2d 734, *supra).* Mangano, P. J., Bracken, Sullivan, Altman and Goldstein, JJ., concur.