■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES TRAVIS, Respondent, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, et al., Appellants. [632 NYS2d 340] —Judgment unanimously reversed on the law without costs, writ of habeas corpus vacated and petition dismissed. Memorandum: Supreme Court erred in granting relator's application for a writ of habeas corpus. Relator was eligible for conditional release on March 14, 1995, subject to written special conditions *(see,* Executive Law §§ 259-c, 259-g; Penal Law § 70.40 [1] [b]; 9 NYCRR 8003.3). Those conditions include the requirement that relator reside in a residence approved by the State Division of Parole. No residence

was located for relator that was acceptable to the Division of Parole. The special conditions were not met and relator has not been released. Because relator is not entitled to immediate release, habeas corpus relief does not lie *(see, People ex rel. Mabery v Leonardo,* 177 AD2d 766, *lv denied* 79 NY2d 753; *see also, People ex rel. DeFlumer v Strack,* 212 AD2d 555, *lv dismissed* 85 NY2d 966; *People ex rel. Waite v Senkowski,* App Div, 3d Dept, June 27, 1995; *People ex rel. Velders v Senkowski,* App Div, 3d Dept, June 13, 1995).

Although this Court has the power to convert a petition for a writ of habeas corpus into a CPLR article 78 petition *(see, People ex rel. DeFlumer v Strack, supra),* relator has not requested that relief and on this record we do not consider it appropriate. (Appeal from Judgment of Supreme Court, Oneida County, Murad, J.—Habeas Corpus.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ. (Filed Sept. 15, 1995.)