■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STEVEN ISAACS, on Behalf of RAZI SHLAPAK, Petitioner, v JOSEPH JABLOWSKY, Respondent. [653 NYS2d 861] —Writ of habeas corpus in the nature of an application for bail reduction, or to release the defendant on his own recognizance.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the County Court, Nassau County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" *(People ex rel. Klein v Kruger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). O'Brien, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMUEL SOMMER, Appellant, v LOUIS F. MANN, as Superintendent, Respondent. [653 NYS2d 861] —In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Orange County (DiBlasi, J.), dated May 31, 1995, which denied the petition for the writ. The appeal brings up for review so much of an order of the same court, dated July 26, 1995, as, upon reargument, adhered to the prior determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the judgment dated May 31, 1995, is dismissed, without costs or disbursements, as that order was superseded by the order dated July 26, 1995, made upon reargument; and it is further,

Ordered that the order dated July 26, 1995, is affirmed insofar as reviewed, without costs or disbursements.

A writ of habeas corpus may not be used to review questions that could have been raised by direct appeal or by collateral attack in the court of conviction *(see, People ex rel. Benbow v Scully,* 189 AD2d 844; *People ex rel. Whitehead v Jones,* 184 AD2d 801; *People ex rel. Hampton v Scully,* 166 AD2d 734; *People ex rel. Gasper v Sullivan,* 164 AD2d 926). We agree with the Supreme Court that the petition at bar constitutes an improper attempt to obtain review of issues the petitioner could have, and unjustifiably failed to seek, by an appeal to the Appellate Term or by a motion for postjudgment relief to the Justice Court of the Town of Newburgh.

We have reviewed the petitioner's remaining contentions and find them to be without merit. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.