■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRED BUROUGHS, Also Known as FLOYD GASTONS, Appellant, v BRION D. TRAVIS, as Chairman of the New York State Division of Parole, et al., Respondents. [709 NYS2d 661] —Appeal from a judgment of the Supreme Court (McGill, J.), entered June 2, 1999 in Clinton County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner initially commenced a CPLR article 78 proceeding seeking recalculation of his maximum expiration date and conditional release date on his current indeterminate sentence. Supreme Court dismissed that petition finding that petitioner's delinquency date was properly set. Thereafter, petitioner commenced this habeas corpus proceeding contending that his parole delinquency date was improperly calculated. Supreme Court denied the application for a writ and we affirm.

Even if respondents did miscalculate petitioner's conditional release date, petitioner would not be entitled to immediate release from prison. Consequently, his request for habeas corpus relief was inappropriate and his petition was properly dismissed on that basis (*see*, *People ex rel. Wilson v Hanslmaier*, 232 AD2d 702; *People ex rel. Branch v Barnes*, 199 AD2d 726). In any event, were we to convert this proceeding to a CPLR article 78 proceeding and consider the merits, we would find conversion inappropriate as petitioner's claims have already been ruled upon in the prior CPLR article 78 proceeding (*see*, *People ex rel. Wilson v Hanslmaier*, *supra*; *People ex rel. Robinson v Fogg*, 105 AD2d 521).

Cardona, P. J., Mercure, Peters, Graffeo and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.