■ THE PEOPLE OF STATE OF NEW YORK ex rel. CHARLES EMM, Appellant, v MELVIN HOLLINS, as Superintendent of Oneida Correctional Facility, Respondent. [750 NYS2d 251] —Appeal from a judgment (denominated order) of Supreme Court, Oneida County (Siegel, J.), entered August 22, 2001, which dismissed the petition for a writ of habeas corpus.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner contends that he is entitled to habeas corpus relief because respondent denied him due process by failing to review his good behavior allowances prior to his conditional release date. Because petitioner is serving a sentence on a prior conviction with a maximum term of life imprisonment, he is not eligible for good behavior allowances (*see* Correction Law § 803 [1] [a]). Even assuming, arguendo, that petitioner was eligible for conditional release, we conclude that he would not be entitled to immediate release from prison, and thus in any event his request for habeas corpus relief is inappropriate (*see People ex rel. Wilson v Hanslmaier,* 232 AD2d 702, 702). "Although this Court has the power to convert a petition for a writ of habeas corpus into a CPLR article 78 petition * * *, [petitioner] has not requested that relief and on this record we do not consider it appropriate" (*People ex rel. Travis v Coombe,* 219 AD2d 881, 882 [internal citation omitted]) particularly where, as here, petitioner is ineligible for good behavior allowances as a matter of law (*see* § 803 [1] [a]). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.