■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN DANIELS, Appellant, v JOHN BEAVER, as Superintendent of Orleans Correctional Facility, Respondent. [757 NYS2d 195] —Appeal from a judgment (denominated order) of Supreme Court, Orleans County (Punch, J.), entered October 1, 2001, which dismissed the petition seeking a writ of habeas corpus.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly dismissed the petition seeking a writ of habeas corpus because petitioner is not entitled to immediate release even if his present contentions have merit. "Even if respondent did miscalculate petitioner's conditional release date and he were eligible for conditional release at the present time, petitioner would not be entitled to immediate release from prison" (*People ex rel. Wilson v Hanslmaier*, 232 AD2d 702, 702 [1996]; *see People ex rel. Buroughs v Travis*, 273 AD2d 560 [2000]). Assuming, arguendo, that petitioner had been denied his right to appear before the Parole Board, which is an assumption refuted by incontrovertible documentary evidence (*see State of New York v Peerless Ins. Co.*, 117 AD2d 370, 374 [1986]), we conclude that petitioner would not be entitled to immediate release; "[p]arole decisions are discretionary and prisoners have no right to be released prior to the expiration of their sentences" (*People ex rel. Sansalone v Schriver*, 252 AD2d 605, 605 [1998]; *see People ex rel. Quartararo v Demskie*, 238 AD2d 792, 793 [1997], *lv denied* 90 NY2d 802 [1997]). "Although this Court has the power to convert a petition for a writ of habeas corpus into a CPLR article 78 petition * * *, [petitioner] has not requested that relief and on this record we do not consider it appropriate" (*People ex rel. Travis v Coombe*, 219 AD2d 881, 882 [1995]; *see People ex rel. Bagley v Albaugh*, 278 AD2d 891 [2000], *lv denied* 96 NY2d 709 [2001]).

Contrary to the further contention of petitioner, the notice that his final parole revocation hearing was adjourned did not constitute a written contract that entitled him to such hearing. When he was subsequently convicted of a felony before the hearing date, his parole was revoked by operation of law and thus no final revocation hearing was required (*see* Executive Law § 259-i [3] [d] [iii]; *see also People ex rel. Ward v Russi*, 219 AD2d 862 [1995], *lv denied* 87 NY2d 803 [1995]). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Hayes, JJ.