# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1231

KAH 14-01747

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
VALAVE GREEN, PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Wyoming County
(Michael M. Mohun, A.J.), entered June 24, 2014 in a habeas corpus
proceeding. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner, an inmate in state prison, commenced
this proceeding seeking a writ of habeas corpus, alleging that he was
denied due process because, inter alia, respondent failed to afford
him a preliminary or final parole revocation hearing. We conclude
that Supreme Court properly dismissed the petition. As respondent
points out, petitioner was not entitled to a revocation hearing
because a parole warrant was not issued against him (*see* Executive Law
§ 259-i [3] [a] [i]). In any event, petitioner was convicted of two
felonies he committed while released on parole, and he was sentenced
to indeterminate terms of imprisonment on those new felonies,
whereupon his parole was revoked by operation of law pursuant to
Executive Law § 259-i (3) (d) (iii) (*see People ex rel. Daniels v
Beaver*, 303 AD2d 1025, 1025; *Matter of Adams v New York State Div. of
Parole*, 278 AD2d 621, 621). Because petitioner's parole was revoked
by operation of law, "a parole revocation hearing was not required"
(*People ex rel. Williams v Kirkpatrick*, 111 AD3d 1327, 1327-1328; *see
People ex rel. Stevenson v Beaver*, 309 AD2d 1171, 1172, *lv denied* 1
NY3d 506).

Entered:  November 20, 2015                        Frances E. Cafarell
                                                   Clerk of the Court