■ PEOPLE OF THE STATE OF NEW YORK ex rel. CHRISTOPHER CASSAR, on Behalf of JOSE MEDRANO, Respondent, v PAUL J. MARGIOTTA, Executive Director, Suffolk County Traffic and Parking Violation Agency, et al., Appellants. [57 NYS3d 167]—

In a proceeding pursuant to CPLR article 70 for a writ of habeas corpus, the appeal is from a judgment of the Supreme Court, Suffolk County (Cohen, J.), dated May 1, 2015, which, after a hearing, granted the petition and sustained the writ.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the writ is dismissed, and the petitioner is directed to surrender himself to the superintendent of the Suffolk County Correctional Facility.

On April 23, 2015, the petitioner was tried, in absentia, by a hearing officer of the Suffolk County Traffic & Parking Violations Agency, on charges of unlicensed operation of a motor vehicle (*see* Vehicle and Traffic Law § 509 [1]) and operation of a motor vehicle while using a cell phone (*see* Vehicle and Traffic Law § 1225-c [2] [a]). The petitioner was convicted of both offenses and was sentenced to, inter alia, a definite sentence of 15 days' imprisonment.

The next day, on April 24, 2015, the petitioner and his at-

torney appeared before a different hearing officer of the Suffolk County Traffic & Parking Violations Agency. The petitioner pleaded guilty to a separate, unrelated, charge of unlicensed operation of a motor vehicle, and was sentenced to a definite sentence of 10 days' imprisonment to run consecutively to the 15-day sentence imposed on April 23, 2015.

By verified petition dated May 1, 2015, the petitioner commenced this proceeding for a writ of habeas corpus for his immediate release on the grounds that, in connection with the April 23, 2015, convictions, the hearing officer never warned him that if he did not appear for trial, the trial would proceed in his absence, and, in connection with the April 24, 2015, conviction, his plea of guilty was coerced by the hearing officer and the People. By judgment dated May 1, 2015, the Supreme Court granted the petition, sustained the writ, and directed the petitioner's immediate release. We reverse.

"A person illegally imprisoned or otherwise restrained in his [or her] liberty within the state . . . may petition without notice for a writ of habeas corpus to inquire into the cause of such detention and for deliverance" (CPLR 7002 [a]). In a habeas corpus proceeding, where a defendant is detained pursuant to more than one judgment, he or she must interpose meritorious claims with respect to each judgment to establish entitlement to immediate release (*see People ex rel. Benbow v Scully*, 189 AD2d 844, 845 [1993]; *see also People ex rel. Nalo v Sullivan*, 120 AD2d 759, 760 [1986]). " 'A writ of habeas corpus may not be used for review of issues that have been, or could have been, reviewed on direct appeal or by a postjudgment motion addressed to the court in which an underlying judgment of conviction was rendered' " (*People ex rel. Lifrieri v Lee*, 116 AD3d 720, 720 [2014], quoting *People ex rel. Dushain v Ercole*, 64 AD3d 669 [2009]).

Here, the petitioner failed to establish entitlement to immediate release on any of his convictions. With respect to his April 23, 2015, convictions, his contention that he was improperly tried in absentia may be reviewed on direct appeal, and even if that contention had merit, the only relief available would be a new trial (*see People v Parker*, 57 NY2d 136, 142 [1982]; *People v Ramos*, 207 AD2d 810 [1994]). With respect to his April 24, 2015, conviction, the petitioner's contention that his plea of guilty was involuntary may be reviewed on direct appeal, and even if that contention had merit, the only relief available would be reversal and vacatur of the plea (*see People v Grant*, 61 AD3d 177, 184 [2009]).

Contrary to the petitioner's contentions, the allegations in

the petition do not warrant departure from traditional orderly procedure (*see People ex rel. Dushain v Ercole*, 64 AD3d 669 [2009]; *cf. People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is.*, 63 NY2d 120 [1984]; *People ex rel. Keitt v McMann*, 18 NY2d 257 [1966]). Since the petitioner would not be entitled to immediate release in connection with any of his convictions, habeas relief does not lie (*see People ex rel. Douglas v Vincent*, 50 NY2d 901, 903 [1980]; *People ex rel. Lifrieri v Lee*, 116 AD3d 720 [2014]; *People ex rel. Benbow v Scully*, 189 AD2d at 845). Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.