People ex rel. Garcia v Annucci (2018 NY Slip Op 07868)





People ex rel. Garcia v Annucci


2018 NY Slip Op 07868


Decided on November 16, 2018


Appellate Division, Fourth Department


Troutman, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1130 KAH 18-00378

[*1]THE PEOPLE OF THE STATE OF NEW YORK EX REL. ARIEL GARCIA, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, AND JAMES THOMPSON, SUPERINTENDENT, COLLINS CORRECTIONAL FACILITY, RESPONDENTS-RESPONDENTS. 






ROBERT S. DEAN, CENTER FOR APPELLATE LITIGATION, NEW YORK CITY (JAN HOTH OF COUNSEL), FOR PETITIONER-APPELLANT.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 


Troutman, J.
 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered December 27, 2017 in a habeas corpus proceeding. The judgment denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Opinion by Troutman, J.:
When an incarcerated person, who was previously convicted of a sex offense, is conditionally released or released on parole, the Board of Parole (Board) must under certain circumstances require, as a mandatory condition of such release, that he or she refrain from entering school grounds (see Executive Law § 259-c [14]). The issue before us is whether the school grounds mandatory condition must be applied to all level three sex offenders, or only to those serving a sentence for an offense enumerated in Executive Law § 259-c (14). We hold that this condition must be applied to all level three sex offenders. We therefore conclude that the judgment should be affirmed.
I
Petitioner was convicted in 1994 of rape in the third degree (Penal Law § 130.25 [2]), a crime for which he was eventually adjudicated as a level three sex offender. Years later, petitioner was again incarcerated, and is currently serving a prison term of 3½ to 7 years for a conviction of robbery in the third degree (§ 160.05). Although petitioner had a conditional release date of December 20, 2016, he remains incarcerated. Petitioner's conditional release was denied because the proposed address in the Bronx that he supplied to the Board did not comply with the school grounds mandatory condition.
Petitioner commenced this proceeding pursuant to CPLR article 70, seeking a writ of habeas corpus on the ground that his incarceration beyond his conditional release date is illegal. He contended, inter alia, that he is not subject to the school grounds mandatory condition because he is serving a sentence for robbery in the third degree, a crime not enumerated in Executive Law § 259-c (14). In their return, respondents contended, inter alia, that the plain language of that statute requires the school grounds mandatory condition to be applied to all level three sex [*2]offenders, not only those serving a sentence for an enumerated offense. Supreme Court denied the petition.
II
We note at the outset that, if we were to accept petitioner's interpretation of Executive Law § 259-c (14), he would be entitled to immediate release (see generally People ex rel. Cassar v Margiotta, 150 AD3d 1254, 1255 [2d Dept 2017]). "A person who is serving . . . [a] sentence of imprisonment shall, if he or she so requests, be conditionally released from the institution in which he or she is confined when the total good behavior time allowed to him or her, pursuant to the provisions of the correction law, is equal to the unserved portion of his or her term" (Penal Law § 70.40 [1] [b]). There is no dispute that petitioner's good behavior time exceeds the unserved portion of his term of incarceration, and therefore he is entitled to conditional release upon his request.
III
Initially, we reject respondents' contention that we should defer to the Board's interpretation of the relevant statute. Judicial deference to an administrative agency tasked with enforcing a statute may be appropriate where the interpretation of the statute involves "specialized knowledge and understanding of underlying operational practices or entails an evaluation of factual data and inferences to be drawn therefrom' " (Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal, 5 NY3d 303, 312 [2005]), or " where the question is one of specific application of a broad statutory term' " (Matter of O'Brien v Spitzer, 7 NY3d 239, 242 [2006]; see Matter of Nearpass v Seneca County Indus. Dev. Agency, 152 AD3d 1192, 1193 [4th Dept 2017]). In contrast, where, as here, "the question is one of pure statutory interpretation dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight' " (KSLM-Columbus Apts., Inc., 5 NY3d at 312; see Matter of Monroe County Pub. Sch. Dists. v Zyra, 51 AD3d 125, 133 [4th Dept 2008]). The issue presented here "is one of statutory construction and not of deference to [the Board's] determination" (KSLM-Columbus Apts., Inc., 5 NY3d at 312).
IV
Nevertheless, the Board's interpretation is correct. "It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976]; see Matter of Anonymous v Molik, 32 NY3d 30, 37 [2018]). "The literal language of a statute' is generally controlling unless the plain intent and purpose of a statute would otherwise be defeated' . . . Where the language is ambiguous or where literal construction would lead to absurd or unreasonable consequences that are contrary to the purpose of the [statute's] enactment,' courts may [r]esort to legislative history' " (Anonymous, 32 NY3d at 37).
Here, the parties dispute the interpretation of Executive Law § 259-c (14), which provides, in relevant part:
"[W]here a person serving a sentence for an offense defined in article one hundred thirty, one hundred thirty-five or two hundred sixty-three of the penal law or section 255.25, 255.26 or 255.27 of the penal law [FN1] and the victim of such offense was under the age of eighteen at the time of such offense or such person has been designated a level three sex offender pursuant to subdivision six of section one hundred sixty-eight-l of the correction law, is released on parole or conditionally released pursuant to subdivision one or two of this section, the board shall require, as a mandatory condition of such release, that such sentenced offender shall refrain from knowingly entering into or upon any school grounds . . ."
Petitioner contends that "such person" unambiguously refers to a person serving a sentence for one of the enumerated offenses and that the plain language of the statute therefore provides that the school grounds mandatory condition must be imposed on only those level three sex offenders currently incarcerated for an enumerated offense. Respondents assert that the statute is ambiguous, and that the legislative history, along with the consensus interpretation of numerous agencies and organizations, supports the proposition that the school grounds mandatory condition applies to all level three sex offenders regardless of the crime for which they are currently incarcerated. We agree with respondents.
At first glance, we acknowledge that the phrase "such person" appears to have the meaning that petitioner urges. Respondents assert, however, that it is not the only rational interpretation. Although the word "such" often serves a particularizing role, it "can also be used simply to refer back to something previously mentioned but not particularized' . . . Where both a particularizing' and a non-particularizing' interpretation of such' are possible, it need not be the case that the particularizing interpretation prevails" (North Broward Hosp. Dist. v Shalala, 172 F3d 90, 95 [DC Cir 1999], cert denied 528 US 1022 [1999]; see University Med. Ctr. of S. Nev. v Thompson, 380 F3d 1197, 1201 [9th Cir 2004]; see generally Federal Trade Commn. v Tuttle, 244 F2d 605, 611 [2d Cir 1957], cert denied 354 US 925 [1957]).
The statutory language allows for "such person" to be understood in varying degrees of particularity. Aside from the construction urged by petitioner, "such person" may be read to refer simply to "a person," a construction that would read the word "such" out of the statute. Alternatively, it may be read to refer to a person serving a sentence for an enumerated offense against a minor, a construction that would render superfluous the later reference to level three sex offenders. It may also, however, be read to refer to "a person serving a sentence." Under that last construction, "where a person serving a sentence . . . is released on parole," the Board must, "as a mandatory condition of such release," prohibit "such sentenced offender" from entering "school grounds" if "such sentenced offender" is (1) being released from incarceration for an enumerated offense against a person under 18 years of age; or (2) "a level three sex offender" (Executive Law § 259-c [14]). That is not the only possible construction, but it is another rational construction that supports the Board's interpretation. We therefore conclude that Executive Law § 259-c (14) is ambiguous (see generally Matter of Golf v New York State Dept. of Social Servs., 91 NY2d 656, 662-667 [1998]).
V
We thus turn to the legislative history, which we conclude strongly supports respondents' interpretation of the statute. When Executive Law § 259-c (14) was first enacted, the school grounds mandatory condition applied only to persons serving a sentence for an enumerated offense against a minor (see People v Diack, 24 NY3d 674, 681 [2015]). In 2005, the legislature amended the statute to add the reference to level three sex offenders (see id.). The sponsors' memorandum defined the purpose of that amendment: "To prohibit sex offenders placed on conditional release or parole from entering upon school grounds or other facilities where the individual has been designated as a level three sex offender" (Sponsor's Mem, Bill Jacket, L 2005, ch 544). As justification, the sponsors offered: "There is a need to prohibit those sex offenders who are determined to pose the most risk to children from entering upon school grounds or other areas where children are cared for" (id.).
The assembly bill jacket contains a letter from counsel for the Department of Education explaining that the amendment would "require, as a condition of parole or conditional release, that any individual designated as a level three sex offender is prohibited from entering school grounds" (Letter from St Educ Dept, July 11, 2005, Bill Jacket, L 2005, ch 544). Counsel for the Unified Court System conveyed his understanding that the amendment would "bar level three sex offenders who have been placed on conditional release or parole from entering upon school grounds" (Letter from Unified Ct Sys, July 6, 2005, Bill Jacket, L 2005, ch 544). In opposition to the bill, the legislative director of the New York Civil Liberties Union wrote: "Current law prohibits from school grounds certain past offenders whose victims were under the age of eighteen. The proposed law would apply this restriction to all persons designated Level Three' sex offenders" (Letter from NY Civ Liberties Union, Aug 18, 2005, Bill Jacket, L 2005, ch 544 [emphasis added]).
Based on our review of the legislative history relating to the enactment of the relevant amendment to Executive Law § 259-c (14), we conclude that there existed a consensus among governmental and nongovernmental organizations that, for good or ill, the amended language was intended to extend the school grounds mandatory condition to all persons conditionally released or released to parole who have been designated level three sex offenders.
VI
For the foregoing reasons, petitioner, a designated level three sex offender, has failed to establish that he is entitled to immediate release, and therefore we conclude that the court properly denied his petition (see generally Matter of Nonhuman Rights Project, Inc. v Presti, 124 AD3d 1334, 1335 [4th Dept 2015], lv denied 26 NY3d 901 [2015]). Accordingly, the judgment should be affirmed.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court



Footnotes

Footnote 1: These are sex offenses (Penal Law article 130), kidnapping, coercion, etc. (article 135), sexual performance by a child (article 263), and incest (§§ 255.25, 255.26, 255.27).