Matter of People v New York State Dept. of Corr. & Community Supervision (2024 NY Slip Op 02425)

Matter of People v New York State Dept. of Corr. & Community Supervision

2024 NY Slip Op 02425

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, GREENWOOD, NOWAK, AND KEANE, JJ.

195 TP 23-01593

[*1]IN THE MATTER OF PEOPLE OF THE STATE OF NEW YORK ON RELATION OF PAUL RAMOS, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARAH HANSEN OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR RESPONDENT.

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Kevin P. Kuehner, J.], entered September 14, 2023) to review a determination of respondent. The determination revoked petitioner's parole status. 
It is hereby ORDERED that said proceeding is unanimously dismissed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the Administrative Law Judge, following a parole revocation hearing, revoking his release to parole supervision and ordering him to serve a 36-month time assessment. Pursuant to CPLR 7804 (g), the proceeding was transferred to this Court in September 2023.
In November 2023, petitioner was convicted upon a guilty plea of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and was sentenced to a determinate term of imprisonment of six years and 1½ years of postrelease supervision, to run concurrently with his prior sentence.
Notably, the petition does not challenge the determination that petitioner violated his parole conditions by failing to abide by his curfew on March 10, 2022. Rather, petitioner challenges the parole violations relating to his possession of drug paraphernalia and possession of a firearm, and he challenges the alleged excessiveness of the time assessment. Thus, an order granting the petition would leave in place both the sustained charge for the curfew violation and the delinquency date of March 10, 2022, which was established in connection with the curfew violation. As a result, the calculation of petitioner's remaining term of postrelease supervision would be unaffected by a ruling in favor of petitioner in this proceeding.
We conclude that because petitioner has identified no other "readily ascertainable and legally significant enduring consequence[ ]" of the parole revocation determination, petitioner's challenge to that determination was rendered moot upon his November 2023 conviction, and the proceeding must be dismissed (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015]; see generally People ex rel. Daniels v Beaver, 303 AD2d 1025, 1025 [4th Dept 2003]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court