People ex rel. Ackridge v Smith (2025 NY Slip Op 51311(U))

[*1]

People ex rel. Ackridge v Smith

2025 NY Slip Op 51311(U)

Decided on August 20, 2025

Supreme Court, Westchester County

Pulver, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 20, 2025
Supreme Court, Westchester County

The People of the State of New York Ex. Rel. Ronald Ackridge, Petitioner, 
 For a Judgment Pursuant to Article 70 of the Civil Practice Law and Rules

against
Warden Ryan Smith, Respondent.

Index No. 468/2025

John M. Nonna, Westchester County Attorney (by James F. Creighton, Esq., Senior Assistant County Attorney) for respondent.
Susan Cacace, Westchester County District Attorney (by Jill Oziemblewski, Esq., Assistant District Attorney) for the People.
Ronald Ackridge - Petitioner pro se.

Sheralyn Pulver, J.

Ronald Ackridge ("Petitioner") moves for an order, pursuant to Article 70 of the Civil Practice Law and Rules ("CPLR"), directing his immediate release from the custody of the Westchester County Department of Correction on the alleged grounds that his detention is unlawful because he was not arraigned within 24 hours after his arrest in the underlying criminal action, People v Ackridge, Docket No. IND-70644-25 (motion sequence #1), and that he was not given timely notice of presentment to the grand jury, rendering the indictment defective (motion sequence #2). Petitioner also moves for permission to proceed as a poor person under CPLR § 1101 in connection with this proceeding.
The Court read and considered the following papers in consideration of these applications:
•Motion sequence #1: Petition for Writ of Habeas Corpus ("Petition 1"), Affidavits in Support of Application for Poor Person Status, Authorization, and Proposed Order Determining Application for Poor Person Status. •Motion sequence #2: Petition for Writ of Habeas Corpus ("Petition 2"), Affidavits in Support of Application for Poor Person Status, Authorization, and Proposed Order Determining Application for Poor Person Status.
•Petitioner's Supplemental Affidavit in Support of Applications.
•Affirmation of James F. Creighton on Behalf of the County of Westchester and [*2]Westchester County Department of Correction in Opposition ("County Aff.") with Exhibits A-E.
•Affirmation of Jill Oziemblewski on Behalf of the Westchester County District Attorney's Office in Opposition ("People's Aff."), Memorandum of Law, and Exhibits 1-2.
•Petitioner's Affidavit in Reply to Respondents' Opposition.
Upon the foregoing, the instant applications are decided as follows:
Application for Poor Person Status
The Court grants Petitioner's application to proceed as a poor person, over objection of the respondents; accordingly, the fees and costs related to the filing of this proceeding shall be waived. The Court notes that although Petitioner is currently in the custody of the Westchester County Department of Correction, the provisions of CPLR § 1101(f) are not applicable here. CPLR § 1101(f) applies to individuals incarcerated under sentence for conviction of a crime (see CPLR § 1101[f][1]), whereas Petitioner is currently held pretrial pursuant to a securing order in a pending case. Therefore, the Court treats Petitioner's application as one made pursuant to CPLR § 1101(d) and grants same.

 Petitions
A. Relevant Procedural History
Petitioner was arrested by the New Rochelle Police Department in the afternoon of February 12, 2025.[FN1]
On February 13, 2025, Petitioner was arraigned on felony complaints in New Rochelle City Court.[FN2]
Petitioner was then remanded pending a felony hearing, which was scheduled for February 18, 2025 (see People's Aff., p. 4; County Aff., Ex. E). Thereafter, the then-assigned Assistant District Attorney notified Petitioner's attorney that the case would be presented to the grand jury on February 18, 2025 (see People's Aff., p. 4). Petitioner alleges that his attorney attempted to visit him in the Westchester County Correctional Facility between February 14, 2025, and February 17, 2025, but was improperly denied by facility staff (see Petition 2, p. 2). Petitioner further alleges that on February 18, 2025, he was transported to the Westchester County Courthouse for the grand jury proceeding but that he declined to testify before the grand jury because he had not received advance notice of the presentation (id., pp. 2-3).
The grand jury returned a true bill on two counts, and a certificate of indictment was filed in the New Rochelle City Court on February 18, 2025 (see People's Aff., p. 5). A new commitment order was issued on February 18, 2025, remanding Petitioner pending transfer of the case to County Court (see County Aff., Ex. E). The grand jury proceeding continued, and a true bill on additional counts was returned on February 28, 2025 (see People's Aff., p. 5). The underlying indictment was filed on approximately March 18, 2025 (id.). Petitioner was arraigned on the indictment in County Court on March 20, 2025, and a securing order fixing bail was issued (see id.; County Aff., Ex. E). Petitioner remains in custody pursuant to said securing order (see Petition 1, p. 1). 
By this proceeding, Petitioner alleges that he was initially arraigned on the felony complaints in New Rochelle City Court approximately 28 hours after his arrest, which, he argues, constitutes an unreasonable delay in violation of Criminal Procedure Law ("CPL") § 140.20 (see Petition 1, p. 2). Petitioner further alleges that the failure to provide him timely notice of the grand jury presentation renders the indictment defective and that he must be released pursuant to CPL § 180.80 because there was neither a felony hearing nor a valid indictment issued within the required timeframe (see Petition 2, p. 3). 
B. Discussion
Although a habeas corpus proceeding is generally available to challenge an unlawful detention violative of the time limits set forth in the CPL, such a proceeding may not be used as a substitute for a motion properly made before the court in which a criminal action is currently pending. The availability of habeas corpus relief presupposes that there was a prior denial of a motion for release made in the underlying criminal case, and "[a]bsent such a motion and adverse ruling by the calendar or trial court, a petitioner simply cannot complain that a court's order continuing his/her commitment to custody constitutes an illegal detention" (People ex rel. Bullock v Barry, 2002 NY Slip Op 50463[U] [Sup Ct, NY County 2002] [relying on People ex rel. Chakwin v Warden, 63 NY2d 120 (1984)]. See also People ex rel. Kaufman v Brann, 69 Misc 3d 506, 528 [Sup Ct, NY County 2020] [in habeas proceeding related to alleged CPL § 180.80 violation, the habeas court owes a degree of deference to the trial court's decision]).
Habeas corpus is "an alternative remedy and may be refused in the exercise of discretion where full relief may be obtained in other more appropriate proceedings" (People ex rel. DeFlumer v Strack, 212 AD2d 555, 555 [2d Dept. 1995] [internal citation and quotation marks omitted]. See also People ex rel. Alan PP. v Dunston, 114 AD2d 678, 679 [3d Dept. 1985]). Here, full relief may be obtained by motion to the County Court judge presiding over Petitioner's criminal case. Nowhere in either of the petitions does Petitioner allege that such a motion was denied. The People state that Petitioner indeed raised these issues and was instructed to put his claims into a written motion, which he apparently did (see People's Aff., pp. 5, 6-7). As there has not yet been a decision rendered, the instant proceeding is premature.
Furthermore, habeas corpus relief is not available to Petitioner because, as explained below, he would not be entitled to immediate release from custody. "Habeas corpus will lie only when the petitioner is entitled to immediate release" (People ex rel. DeFlumer, 212 AD2d at [*3]555. See also People ex rel. Cassar v Margiotta, 150 AD3d 1254, 1256 [2d Dept. 2017]; People ex rel. Kaplan v Commr. of Corr. of City of NY, 60 NY2d 648, 649 [1983]). As to the claimed delay of arraignment (Petition 1), Petitioner is not entitled to immediate release as he is no longer being held pursuant to the felony complaints that were initially filed in New Rochelle City Court. Rather, Petitioner is being held pursuant to a valid securing order issued upon indictment. Therefore, this claim is now academic (see People ex rel. Hodge v Fischer, 33 AD2d 956, 956 [3d Dept. 1970]; People ex rel. Miller v Knowlton, 239 AD2d 655, 656 [3d Dept. 1997]; People ex rel. Interdonato v Warden-Exec. Director, 95 AD2d 700, 700 [1st Dept. 1983]). Further, an alleged prior procedural error does not invalidate a subsequent grand jury indictment (see People ex rel. Hirschberg v Close, 1 NY2d 258, 260-61 [1956]).
As to the claim that CPL § 180.80 mandates release (Petition 2), such claim was rendered moot upon indictment (see People ex rel. Vancour v Scoralick, 140 AD2d 658, 659 [2d Dept. 1988]; People v Frasier, 105 AD3d 1079, 1079 [3d Dept. 2013]). Moreover, CPL § 180.80 does not mandate release if the People had filed a certification that an indictment was voted within the applicable timeframe (see CPL § 180.80[2][a]; People ex rel. Heinrich v Sielaff, 176 AD2d 978, 979 [2d Dept. 1991]). Here, the People assert that a certificate of indictment was filed in New Rochelle City Court on February 18, 2025 (see People's Aff., p. 5). Petitioner does not contend that no such indictment was voted or that no such certification was filed. Instead, Petitioner's contention is that the indictment itself is invalid as a result of the alleged failure to provide notice pursuant to CPL § 190.50(5)(a) (see Petition 2, p. 3). But, in a habeas corpus proceeding, "courts are not required to consider the validity of the underlying indictment in assessing whether CPL 180.80 has been violated A challenge to the indictment itself should be raised by a motion to dismiss" (People ex rel. Heinrich, 176 AD2d at 980 [internal citations omitted]).
Therefore, since immediate release is not the remedy for the claimed violations, these claims are not cognizable by means of a habeas corpus proceeding. In any event, and as explained further above, a habeas corpus proceeding is premature at this juncture.
The parties' remaining contentions, to the extent not rendered academic or explicitly addressed herein, have been considered and found to be unavailing.
For all the foregoing reasons, it is hereby
ORDERED that Petitioner's application to proceed as a poor person pursuant to CPLR § 1101(d) is granted, and the fees and costs related to the filing of this proceeding are waived; and it is further
ORDERED that the petitions (motion sequences #1 and #2) are both summarily denied, and this proceeding is dismissed; and it is further
ORDERED that the Clerk shall enter judgment accordingly.
The foregoing constitutes the decision, order, and judgment of the Court.
Dated: August 20, 2025
White Plains, New York
HON. SHERALYN PULVER
Acting Supreme Court Justice

Footnotes

Footnote 1:Petitioner alleges that the time of his arrest was 1:30 pm (see Petition 1, p. 2). However, the People state that Petitioner was detained at approximately 2:00 pm incident to execution of a search warrant and that the time of arrest was noted as 4:00 pm (see People's Aff., p. 2; Ex. 2).

Footnote 2:Petitioner alleges that the time of arraignment was 4:30 pm (see Petition 1, p. 2). The People state only that Petitioner was arraigned during the afternoon calendar on February 13, 2025 (see People's Aff., p. 4).